**Konstantinos NIARCHOS, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 16310.**

United States Court of Appeals Seventh Circuit.

April 3, 1968.

Andrew Cardaras, Chicago, Ill., for petitioner.

Thomas A. Foran, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Edward V. Hanrahan, U. S. Atty., Chicago, Ill., for respondent.

Before SCHNACKENBERG, KILEY and FAIRCHILD, Circuit Judges.

KILEY, Circuit Judge.

This is a petition for review of an order of the Immigration and Naturalization Service, 5 U.S.C. § 701 et seq.,[1] de-

I. Administrative Review Act.

porting petitioner, should he not depart voluntarily, as an alien who entered the United States from Canada without a valid non-immigrant visa or border crossing identification card, as required under 8 U.S.C. § 1182(a) (26). We deny the petition.

Petitioner, a native of Greece and a crewman, jumped ship in Canada and a year later entered the United States at Detroit, Michigan, at night in a truck. He has remained in this country since that entry. A show cause order issued against petitioner January 25, 1967, alleging that he was deportable because he had entered the United States as a visitor but without visa or border crossing card and because he had been previously deported.

A hearing was held February 6, 1967, upon the charges. The following day petitioner's brother, a United States citizen, filed a petition to adjust the status of petitioner for issuance of an immigrant visa.

The Special Inquiry Officer decided that petitioner was deportable and that the petition for adjustment of status, 8 U.S.C. § 1255, must be denied because the nonpreference quota for Greece was oversubscribed and a visa not available to petitioner; and because of petitioner's 1962 deportation. The Officer rejected the contention that the 1962 deportation order was issued in violation of due process[2] since under 8 U.S.C. § 1282(b) the revocation of petitioner's conditional landing permit to go ashore was discretionary and not subject to the procedural requirements of 8 U.S.C. § 1252. The Officer ruled that petitioner must request permission of the Attorney General to reapply for admission because of his 1962 deportation. Permission for voluntary departure was granted.

Petitioner took an appeal, and the Board of Immigration Appeals decided that there is "clear convincing and unequivocal evidence" that petitioner was deportable because he did not have the documents required for his September, 1963, entry from Canada. It confirmed the Officer's finding and decision that no immigrant visa was available to petitioner under the Greek quota; and it approved the voluntary departure privilege.

■ Petitioner admits he is deportable because he entered this country without the proper documents, and consequently does not challenge the Board's deportation order. The petition to review that order must be denied. Petitioner does, however, argue that his 1962 deportation order should be reversed in this proceeding. It is understandable why petitioner seeks to reverse the 1962 deportation order although the reversal of that order would admittedly have no effect on his present deportability. The existence of the 1962 deportation order precludes his application for re-entry into the United States unless he has permission of the Attorney General. We think, however, that petitioner may not now question the validity of the 1962 order because he "departed from the United States after the issuance of the order." 8 U.S.C. § 1105a(c).

Although we must deny the petition, we consider it appropriate to point out that we are troubled about petitioner's claim that he was denied due process at the 1962 "hearing" in Detroit, Michigan. The record shows that in the 1967 hearing it was necessary to provide petitioner with a Service interpreter, but in the 1962 deportation hearing no qualified interpreter was provided.

The 1962 proceeding was for revocation of petitioner's landing permit. He entered the United States, at New York, as a member of the crew of an alien ship. He left New York to visit friends in Port Huron, Michigan, after obtaining the landing permit. He was later picked up by Immigration officials in Detroit who informed him he would not have time to go on to Port Huron and return to his

---

**2.** After this point was raised at the hearing, the Service withdrew the portion of the order to show cause based on the 1962 deportation.

ship before it was scheduled to depart. Petitioner's conditional landing permit was revoked and he was returned and departed with his ship.

We think that the absence of an interpreter at the 1962 hearing is contrary to the aim of our law to provide fundamental fairness in administrative proceedings. Despite the essential discretionary power of the Immigration officials in dealing with violations of the crewman provision, 8 U.S.C. § 1281 et seq., it would seem clearly not within the Service's discretion to conduct an official inquiry, without an interpreter, in a language the subject of the inquiry can neither understand nor speak. We therefore in this dictum express the hope that should petitioner seek permission to re-enter, under 8 U.S.C. § 1182(a) (16), the Attorney General will consider the petition in the light of the shocking circumstances of the 1962 deportation hearing.

Petition denied.