**Narcisà Taguding ORCALES, Petitioner-Appellant,**

v.

**DISTRICT DIRECTOR OF the UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent-Appellee.**

No. 24545.

United States Court of Appeals, Ninth Circuit.

Sept. 10, 1970.

818

Arthur D. Cohen (argued), Hiram W. Kwan, Los Angeles, Cal., for petitioner-appellant.

Carolyn M. Reynolds, Asst. U. S. Atty. (argued), Robert L. Meyer, U. S. Atty., Los Angeles, Cal., Stephen M. Suffin, Atty., I.N.S., San Francisco, Cal., for respondent-appellee.

Before HAMLEY and MERRILL, Circuit Judges, and THOMPSON, District Judge.*

MERRILL, Circuit Judge:

Appellant seeks a visa as "Third Preference" immigrant and has taken this appeal from judgment of the District Court affirming the determination of the Regional Commissioner that she was ineligible for the preference.

At the outset we reject the contention of the appellee that the appeal was prematurely taken and proceed to consideration of the merits.

Against the worldwide quota of immigrants certain priorities have been assigned by law. The "Third Preference," established by § 203(a) (3) of the Immigration and Nationality Act, 8 U.S.C. § 1153(a) (3), is made available to "qualified immigrants who are members of the professions, or who because of their exceptional ability in the sciences or the arts will substantially benefit prospectively the national economy, cultural interests, or welfare of the United States."

This preferred status is obtained through a visa petition presented to the Attorney General. In considering the petition the Immigration and Naturalization Service may secure from other governmental agencies, including the Department of Labor, an evaluation of the applicant's background and claimed exceptional ability and his qualification to be recognized as a member of the professions. 8 U.S.C. § 1153(b).

The Act, however, § 212(a) (14), 8 U.S.C. § 1182(a) (14), prohibits the entry of certain immigrants coming to

* Honorable Bruce R. Thompson, United States District Judge for the District of Nevada, sitting by designation.

perform labor, including all Third Preference immigrants, unless the Secretary of Labor certifies that there is a shortage of workers to perform such work and that the employment of the alien will not adversely affect wages and working conditions of workers in the United States similarly employed. One who qualifies as a member of the professions and is thus entitled to Third Preference status still may not obtain a visa without the Labor certification.

To ease its administrative task in dealing with large numbers of applications for individual certification the Department of Labor has announced three schedules, listing occupations for which individual certifications need not be sought. 29 C.F.R. §§ 60.2 and 60.3. Schedule A in effect grants blanket certification to specified professions and occupations. Schedule B in effect constitutes a blanket denial of certification as to specified jobs, largely in the field of unskilled labor as to which unemployment usually exists. Schedule C comprises occupations generally in short supply, although not necessarily on a national basis, and occupations listed are frequently tied to localities. Schedule C, group II, includes school teachers. One who does not come within any of the schedules may apply for individual certification. 29 C.F.R. § 60.3.

Whether an immigrant comes within the schedules is, of course, a determination for Labor to make. In practice one applying to I&NS for Third Preference status at the same time applies to Labor for a "pre-certification" determination that he qualifies under schedules A or C.

Appellant is a 39-year old married alien from the Philippines who was admitted to the United States as a nonimmigrant visitor on November 7, 1967, and received extensions of stay to August 7, 1968.

On April 1, 1968, she filed with the District Director a petition to classify her preference status pursuant to § 203 (a) (3), claiming to be a member of the professions as an elementary teacher. In support of her petition appellant presented evidence of her educational background and work experience.[1] She also submitted to the Department of Labor an application for Alien Employment Certification, claiming a right to pre-certification under schedule C, group II.

In response to the latter application the Labor Department's Bureau of Employment Security denied pre-certification on the ground that the "qualifications based on documents submitted do not support classification as a member of a profession or as one having exceptional ability in sciences and arts" and that the "alien does not have sufficient education to qualify as a member of the teaching profession."

On June 25, 1968, the District Director issued his decision denying appellant's petition for Third Preference status on the ground that professional recognition as a teacher requires a bachelor's degree from an accredited institution of learning or specialized training or experience equivalent to such degree and that appellant had failed to meet these requirements.

Appellant appealed to the Regional Commissioner, contending that she did possess special training and experience equivalent to a degree. She requested reconsideration by Labor of her entitlement to pre-certification under Schedule

---

1. "* * * appellant submitted evidence that she completed a two-year course in the college of education of Adamson University, Manila, Philippines, and was issued an Elementary Teacher's Certificate from that school on March 23, 1952. She also attended courses and seminars in first aid and remedial work, new mathematics, and in-service education; she also completed three courses at Southeastern College, Philippines, in English, philosophy, and history of education. As to her work experience, appellant submitted evidence that she taught in elementary schools in the Philippine Islands during a period of seven years and that she was to work beginning September 6, 1968 teaching a Sixth-Seventh Grade class at Hawthorne Christian Schools, Hawthorne, California."

C, group II. Such reconsideration was given and on November 7, 1968, Labor reported its adherence to its earlier position, stating that it looks to the minimum requirements for teaching in the public schools. It concluded:

"In the subject case even though the alien's qualifications are acceptable in a private school, her qualifications which include less than a bachelor's degree are not acceptable for certification under the intent and scope of Schedule C, group II, as a member of the professions in the field of education."

On November 14, 1968, the Regional Commissioner issued his decision dismissing the appeal from the decision of the District Director. He recited the action taken by the Department of Labor and concluded:

"Lacking the certification required by section 212(a) (14) of the Act, and not being included in any of the blanket certifications provided by schedule A, group I, or schedule C, 29 C.F.R. 60, the petition may not be granted. The petitioner is statutorily ineligible for the preference certification sought."

█ In our judgment this was error. The Department of Labor has, it is true, determined that *pre*-certification under the schedules would not be granted. It has never, however, made any determination as to the sufficiency of workers to perform the work that petitioner desires to perform or whether the employment of petitioner would adversely affect wages and working conditions of workers in the United States similarly employed —the considerations on which issuance of an individual certification is based.

This is emphasized by a checklist summary of action taken that accompanied the report of the Department of Labor.

One of the items reads: "Available job market information will not warrant a certification of unavailability of workers for the area of intended employment." This was not checked. Another item that was checked reads: "Qualifications based on documents submitted do not support classification as a member of a profession or as one having exceptional ability in sciences or arts."

█ Labor thus limited its considerations to whether the petitioner could qualify as a member of the professions. While Labor can, on this issue, act authoritatively in so far as its judgment bears on pre-certification, its conclusions are only advisory in so far as they bear on petitioner's entitlement to Third Preference status. The responsibility for that determination rests on I&NS. 8 U.S.C. § 1154. While the decision of the District Director squarely dealt with that problem, the Regional Commissioner never reached it.

We are not sure just what the Regional Commissioner had in mind in his ruling. If he believed that Labor had denied an individual certification, he was in error. If he believed that Labor's ruling that petitioner did not qualify as a member of the professions was binding on him, he was in error.

If he meant only that petitioner had failed to obtain an individual certification, his dismissal of the appeal without giving her an opportunity to apply to Labor for such a certification was premature. Prior certification was not required by the District Director. The statutes and regulations are far from clear that it is required at this stage of the proceedings and that in the administrative interplay between I&NS and Labor in this respect it is Labor that must make the first determination.[2]

---

2. Petitioner urges us to hold as matter of law that it is I&NS and not Labor that must move first. The statutory scheme does seem to contemplate such an order of procedure. It is the visa and not the Third Preference status that is made to hinge on Labor's certification. Petitioner urges that Labor's views as to current availability of jobs may change from time to time and that Third Preference status thus may be of future benefit even if certification is at first denied.

We do not feel, however, that the statutes in this respect leave no room for establishing a different order of procedure by regulation. I&NS cannot, of course,

We conclude that the Regional Commissioner must review the merits of the District Director's opinion and the petitioner's contentions respecting her training and experience,[3] unless the administrative procedure (established by practice of I&NS and Labor) contemplates that the merits of such a petition will not be considered by I&NS until a Labor certification is obtained under 8 U.S.C. § 1182(a) (14). If such condition precedent applies, the petitioner should be given an opportunity to apply to Labor for an individual certification pursuant to 29 C.F.R. § 60.3.

Reversed and remanded with instructions that the Regional Commissioner's order of dismissal be set aside and the matter remanded to him for further proceedings.

---

regulate Labor. However, if I & N S and Labor concur in their construction of the order of procedure contemplated by their respective regulations we would be reluctant to interfere.

3. On this question a most thoughtful opinion is to be found in Guinto v. District Director INS, 303 F.Supp. 1094 (C.D. Cal.1969).