Ophelia C. **ANDRES**, Petitioner,

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE**, Respondent.

No. 71–1691.

United States Court of Appeals,
Sixth Circuit.

May 8, 1972.

Bernard Mosesson, Cleveland, Ohio, for petitioner; Rollins & Mosesson, Cleveland, Ohio, on brief.

Lillian C. Scott, Dept. of Justice, Washington, D. C., for respondent; Henry E. Petersen, Acting Asst. Atty. Gen., George W. Masterton, Atty., Dept. of Justice, Washington, D. C., on brief, William W. Milligan, U. S. Atty., Cincinnati, Ohio, of counsel.

Before PHILLIPS, Chief Judge, PECK, Circuit Judge, and KEITH,* District Judge.

KEITH, District Judge.

Petitioner, a native and citizen of the Philippines, appeals under 8 U.S.C. § 1105a(a) (§ 106(a) of the Immigration and Nationality Act) from an order of the Board of Immigration Appeals affirming a special inquiry officer's determination of deportability.

Petitioner entered the United States at Seattle, Washington, on October 27, 1968, as the holder of a "non-immigrant visitor for pleasure", visa, with authorization to remain until November 30, 1968. In 1969 petitioner obtained a third preference priority under 8 U.S.C. § 1153(a) (3) as a professional teacher which entitled her to preferred status under the immigration quota allocated to her native country. This priority is however subject to the limitations of 8 U.S.C. § 1182(a) (14) which requires the Secretary of Labor to certify that "there are not sufficient workers in the United States who are able, willing, qualified, and available" to engage in similar work and that the employment

---

* Honorable Damon J. Keith, United States District Judge for the Eastern District of Michigan, sitting by designation.

of the alien "will not adversely affect the wages and working conditions" of similarly employed workers in the United States. Petitioner's third preference visa petition expired on September 1, 1970 and was not revalidated.[1] Petitioner had been granted the privilege of voluntary departure on or before September 1, 1970 without the institution of deportation proceedings but failed to depart as scheduled and deportation proceedings were instituted.[2] The special inquiry officer found her deportable and required departure on or before February 20, 1971. The Board of Immigration Appeals affirmed the decision of the special inquiry officer on May 24, 1971 and ordered departure within 30 days of its decision or, if the District Director granted an extension, then at the end of the extended period.

Petitioner now contends that she was denied due process of law by the failure of the Immigration and Naturalization Service to revalidate her third preference petition. She also argues that she was arbitrarily removed from her preferred status by the Secretary of Labor's alleged failure to follow the rule making provisions of the Administrative Procedure Act (5 U.S.C. § 553(b) (2)) in promulgating the requirement that third preference teachers hold a teaching certificate.

Petitioner urges that we proceed to determine the issues arising from the alleged abuses by the Immigration Service and the Department of Labor. However, in our view the threshold issue is whether this Court has jurisdiction under the Immigration and Nationality Act to review the questions raised. For reasons that follow we conclude that we do not.

Under 8 U.S.C. § 1105a(a) and 28 U.S.C. § 2341 et seq., the Court of Appeals has exclusive jurisdiction to review final orders of deportation entered under deportation proceedings pursuant to 8 U.S.C. § 1252(b). This review is limited to "those determinations made during a proceedings conducted under [§ 1252 (b)], including those determinations made incident to a motion to reopen such proceedings." Cheng Fan Kwok v. Immigration and Naturalization Service, 392 U.S. 206, 216, 88 S.Ct. 1970, 1976, 20 L.Ed.2d 1037. In Kwok the Supreme Court indicated that jurisdiction to review a denial by a district director of a stay of deportation, not entered pursuant to § 1252(b), was not exclusively vested in the Court of Appeals. The rationale for this conclusion was that Congress intended to restrict the application of the direct review provisions to those orders entered during § 1252 proceedings or to direct challenges of deportation orders themselves. In the instant case the issues raised by petitioner turn on matters collateral to the entry of the deportation order under § 1252(b). Deportation was ordered because petitioner did not depart from the United States by the date required by the Service.

While petitioner raised some of the arguments made here in the proceedings conducted by the special inquiry officer and the Board of Immigration Appeals, the record is clear that neither body considered them in reaching their conclusions. We think it appropriate to note the language of the Supreme Court in Kwok at 210, 88 S.Ct. at 1973:

"In situations to which the provisions of [§ 1105(a)] are inapplicable, the alien's remedies would, of course, ordi-

---

1. In 1971 the Secretary of Labor promulgated a new requirement that teachers must possess teaching certificates in order to qualify for a third preference priority. Petitioner was unable to produce a certificate.

2. 8 U.S.C. § 1254(e) provides

   The Attorney General may, in his discretion, permit any alien under deportation proceedings, . . . to depart voluntarily from the United States at his own expense in lieu of deportation if such alien shall establish to the satisfaction of the Attorney General that he is, and has been, a person of good moral character for at least five years immediately preceding his application for voluntary departure under this subsection.

narily lie first in an action brought in an appropriate district court." [3]

Thus without intimating any views on the merits of the claims asserted, it is clear, and we so hold, that this Court does not have jurisdiction to consider the claims in light of *Kwok, supra*; since our review is limited to § 1252 determinations.

This appeal is dismissed for want of jurisdiction.

---

3. See, Orcales v. District Director of United States Immigration and Naturalization Service, 431 F.2d 817 (9th Cir. 1970), where issues similar to those argued by petitioner in the instant case were considered.