**Fawzi Hanna HAIDAR, Plaintiff,**

v.

**Patrick F. COOMEY, Individually and as District Director of the Immigration and Naturalization Service of the Massachusetts District, Defendant.**

**Civ. A. No. 74–5241–M.**

United States District Court,
D. Massachusetts.

Dec. 6, 1974.

Nicholas A. Abraham, Boston, Mass., for plaintiff.

William A. Brown, Asst. U. S. Atty., Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

FRANK J. MURRAY, District Judge.

This case came on to be heard on the complaint of plaintiff, an illegally resident alien, seeking relief against the defendant District Director of the Immigration and Naturalization Service for (1) injunctive relief to prevent enforcement of a final order of deportation against plaintiff on the ground that the procedures at the deportation hearing violated plaintiff's due process rights; and (2) mandamus to require immediate adjudication of an "immediate relatives" (*see* 8 U.S.C. § 1151(a)) petition filed by plaintiff's wife.

Jurisdiction in this court is invoked under 28 U.S.C. §§ 1331 (federal question) and 1361 (mandamus). Since it is clear that exclusive jurisdiction for review of a final order of deportation is vested by statute solely in the courts of appeal, 8 U.S.C. § 1105a, this court may not consider plaintiff's due process claim, if that claim is in the form of appeal from a final order of deportation. *See Cheng Fan Kwok v. Immigration and Naturalization Service,* 392 U.S. 206, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1968). But plaintiff's action does not seek review of a final order of deportation. Rather, it is in the nature of a collateral attack on the proceedings, an attack which goes behind the hearing and challenges the underlying procedures. A federal district court has jurisdiction to consider such a collateral attack. *See Andres v. Immigration and Naturalization Service,* 460 F.2d 287 (6th Cir. 1972), and may properly consider, under 28 U.S.C. § 1331, plaintiff's claim that he was denied procedural due process at the deportation hearing. In addition, the court may consider the mandamus claim under 28 U.S.C. § 1361.

I

The mandamus claim can be promptly disposed of. Plaintiff seeks an order compelling the adjudication of his wife's pending "immediate relatives" petition before he is deported.

The declaration of "immediate relatives" status of an alien, i. e., that he is an immediate relative of a United States citizen, allows the alien to immigrate

without awaiting a position under a numerical quota. 8 U.S.C. § 1151(a) and (b). Application is made to the Attorney General, who must, if the facts alleged are true, approve the petition and forward it to the State Department, who must grant preference status for immigration. 8 U.S.C. § 1154(a) and (b). The administrative regulations provide that the petitioner must be notified of the decision and of his right to appeal. 8 C.F.R. § 204.1(a). Where, as here, petitioner is the alien's spouse, the alien need not be present for adjudication of the spouse's petition, since the adjudication may be done on the basis of relevant documents. *See* 8 C.F.R. § 204.2.

■■■ Both by statute and regulation, defendant has the responsibility to adjudicate plaintiff's wife's "immediate relatives" petition and grant plaintiff preference status if all required facts have been proved. The issue is when defendant must do this. Plaintiff argues that his presence in the country is a circumstance that requires a ruling on the petition before deporting him—in other words, his presence in the country is argued to justify jumping his application to the front of the line. Plaintiff entered this country illegally, and he shows no grounds which require that he be allowed to reap preferential benefit from his illegal act. Unlawful entry is not to be rewarded by processing his wife's "immediate relatives" petition before those of others awaiting similar relief. "Justice and fairness" (to quote plaintiff) do not so require. Mandamus would only be appropriate here if the Immigration and Naturalization Service had refused to adjudicate the petition at all,—which it has not done. All the Immigration and Naturalization Service has done is to require plaintiff to await his turn. Mandamus is not proper on these facts.

## II

In his due process claim plaintiff alleges that the procedure at his deportation hearing before the Immigration Judge on October 29, 1974 was procedurally defective on the following grounds: no adequate interpreter was provided; a verbatim transcript of the hearing was not maintained; plaintiff was not represented by counsel; the Immigration Judge was prejudiced against plaintiff and had pre-judged his case; and plaintiff was not given formal notice of the ten-day period allowable for appeal. Plaintiff seeks injunctive relief against enforcement of the deportation order, and remand to the Immigration and Naturalization Service for a hearing which comports with due process.

■■■ That plaintiff, even as an illegal resident alien, is entitled to due process of law whenever he is enmeshed in the processes of government is not doubted—especially with respect to deportation proceedings. The Supreme Court in *Shaughnessy v. Mezei*, 345 U.S. 206, 212, 73 S.Ct. 625, 629, 97 L.Ed. 956 (1953) stated:

> It is true that aliens who have once passed through our gates, even illegally, may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law.

This constitutional mandate has been implemented by legislation, 8 U.S.C. § 1252(b), and administrative regulations, 8 C.F.R. § 242.1 et seq. And clearly failure to provide an interpreter is "contrary to the aim of our law to provide fundamental fairness in administrative proceedings". *Niarchos v. Immigration and Naturalization Service*, 393 F.2d 509, 511 (7th Cir. 1968).

■■■ At plaintiff's October 29 hearing, an interpreter was provided. The issue raised is whether plaintiff, who speaks a Lebanese dialect of Arabic, could adequately understand the interpreter, who speaks an Egyptian dialect of Arabic. After an evidentiary hearing here at which the interpreter, the Immigration Judge, and plaintiff's wife testified, the court finds that the interpretation was adequate and plaintiff did in

fact both understand fully the proceedings and have ample opportunity to express himself. Plaintiff was not denied an adequate interpreter at the deportation proceedings. It did appear at the hearing here that the interpreter was at no time sworn. Although this seems to be a violation of the letter of 8 C.F.R. § 242.12, the interpreter had been used frequently before by the Immigration and Naturalization Service and she asserted in open court and under oath that her translation was accurate. The court is satisfied that the translation was in good faith and substantially accurate, and that any technical violation of 8 C.F.R. § 242.12 was harmless and·did not deprive plaintiff of due process.

█ It further appeared that portions of the deportation proceedings were not included in the transcript. 8 C.F.R. § 242.15 states:

The hearing shall be recorded verbatim except for statements made off the record with the permission of the special inquiry officer.

Thus, although the hearing must be recorded "verbatim," it is clear that the Immigration Judge may exclude portions made "off the record". No more was done here and hence no procedural error exists.

█ Although plaintiff does have the right to counsel at his own expense to represent him at the hearing, 8 C.F.R. § 242.16(a), he specifically waived this right when questioned by the Immigration Judge, and the contention that plaintiff did not understand this waiver is not proved.

█ Upon the ·evidence presented and upon reading the Hearing Transcript and the Oral Decision, no substantial showing appears of prejudice or pre-judgment by the Immigration Judge against plaintiff.

█ Under 8 C.F.R. § 242.21, plaintiff had ten days in which to appeal the Immigration Judge's adverse decision. The Immigration Judge did not actually inform plaintiff of the ten-day period, but the Judge did clearly inform plaintiff of his right to appeal, and plaintiff stated that he did not wish to appeal but accepted the decision. Defendant argues that, because plaintiff indicated at the conclusion of the hearing that he desired no appeal, it was not necessary to inform plaintiff of the ten-day period he had in which to assert this right. The court does not agree. When the Immigration Judge undertook to advise the alien of his right to appeal, the Judge should have advised him fully of the right under 8 C.F.R. § 242.21, which states that

. . . an appeal shall lie from a decision of a special inquiry officer . . . to the Board of Immigration Appeals . . .

and that such

. . . appeal shall be taken within 10 days after . . . the stating of an oral decision. . . .

The clear thrust of the regulation is that the alien has both a right of appeal and ten days in which to exercise it. The alien may not be required to make forthwith before the Immigration Judge a claim of appeal which the regulation clearly allows him to make within ten days after the Judge's decision. Such truncation of the exercise of the right could be found in some situations to amount to subtle coercion on the alien to forgo the appeal right, rather than to exercise it. But the court need not reach any notion of constitutional due process requirements in the instant case, because the failure of the Immigration Judge to apprise plaintiff of his right to appeal within ten days is a facial violation of the agency's own regulations, has the effect of denying him his full rights under the regulations, and entitles plaintiff to relief on his due process claim on statutory grounds.

Since the violation of plaintiff's rights deprived him of notice that he had ten days in which to appeal, plain-

tiff is entitled to be restored to that right. Where plaintiff has been successful in his collateral attack on the order of deportation, the court has broad powers to fashion appropriate equitable relief. *Cf. Peyton v. Rowe,* 391 U.S. 54, 66–67, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968). As a result of his being denied his full rights under the regulations, plaintiff may be denied the rightful opportunity to remain in the United States. The proper remedy in the circumstances therefore is to enjoin plaintiff's deportation under the October 29, 1974 order, until the Immigration and Naturalization Service vacates the final order of deportation. If it is then determined that there shall be entered a new oral decision upon the hearing held October 29, 1974, the plaintiff will have ten days thereafter to appeal under 8 C.F.R. § 242.21.

### III

For the reasons noted, plaintiff's motion for mandamus to compel adjudication of his wife's "immediate relatives" petition is denied, and his request for injunctive relief to prevent his deportation is granted in accordance with the following order:

It is hereby ORDERED that the defendant District Director of the Immigration and Naturalization Service, his agents and attorneys be, and they hereby are enjoined from enforcing the final order of deportation issued against plaintiff on October 29, 1974 in Boston. The injunctive relief hereby granted shall not prevent the defendant from vacating the final order of October 29, 1974, and entering a new final order of deportation on the record of the hearing of October 29, 1974, provided however, that before entry of a new final order the plaintiff shall be notified of his right of appeal to the Board of Immigration Appeals, pursuant to 8 C.F.R. § 242.21, following the oral decision of the special inquiry officer, and that plaintiff may exercise the right of appeal within ten days after such oral decision.