**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jose Arnolfo CALLES–PINEDA,
Defendant-Appellant.**

**No. 79–1720.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 13, 1980.

Decided Sept. 12, 1980.

John W. Tapp, Seattle, Wash., on brief, for defendant-appellant.

Peter O. Mueller, Asst. U.S. Atty., Seattle, Wash., on brief, for plaintiff-appellee.

Before BROWNING, Chief Judge, SNEED, and CANBY, Circuit Judges.

PER CURIAM:

Jose Calles-Pineda appeals his conviction for entering the United States after deportation in violation of 8 U.S.C. § 1326.[1] We affirm.

---

1. 8 U.S.C. § 1326 provides:
   Any alien who—

   (1) has been arrested and deported or excluded and deported, and thereafter

Calles-Pineda defended by collaterally attacking on due process grounds the two deportations underlying the section 1326 charge. A well-established Ninth Circuit rule permits such a defense in criminal prosecutions. *United States v. Rangel-Gonzales*, 617 F.2d 529, 530 (9th Cir. 1980); *United States v. Gasca-Kraft*, 522 F.2d 149, 152 (9th Cir. 1975). The government challenges the validity of our rule in light of *Lewis v. United States,* 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980), precluding collateral attack upon the underlying felony convictions in a prosecution under 18 U.S.C. App. § 1202(a)(1) for possession of firearms by a convicted felon. We do not reach this issue, however, because we conclude that, regardless of the propriety of collateral attack in the present context, Calles-Pineda has failed to assert due process violations sufficient to invalidate the underlying deportations.

Calles-Pineda alleges five respects in which his due process rights were violated in each of the two deportation proceedings: (1) a single hearing was conducted with multiple respondents; (2) Calles-Pineda was never personally addressed by the immigration judge; (3) the interpreter's Spanish language translations of the questions and the respondents' Spanish language answers were not recorded; (4) the interpreter was neither sworn on the record nor shown to be an Immigration and Naturalization Service (I&NS) employee; (5) the immigration judge asked respondents whether they desired to appeal without notifying them that they had ten days in which to do so.

■ In *United States v. Barraza-Leon,* 575 F.2d 218 (9th Cir. 1978), this court upheld procedures substantially identical to those upon which Calles-Pineda's first three due process attacks are based. Calles-Pineda contends that, while the *Barraza-Leon*

deportation hearing with eight respondents may have comported with due process, his hearings with twenty-nine and twenty-five respondents, respectively, exceeded the bounds of fairness. We agree that mass deportation hearings must have an outer limit. That limit has been reached in these cases. We would not expect a panel of this court to approve mass hearings any larger than those conducted in these cases. We are unwilling, however, to draw the line to exclude these cases without prior warning and in the absence of any suggestion by Calles-Pineda that he was prejudiced in fact by the procedures employed.

With respect to the third ground (failure to record the Spanish translations of the questions and the Spanish answers), Calles-Pineda advances a contention not considered in *United States v. Barraza-Leon, supra.*

■ Calles-Pineda contends that the selective recording of his deportation hearings violated an I&NS regulation requiring verbatim recording of deportation hearings. 8 C.F.R. § 242.15. Before a violation of an I&NS regulation will invalidate his deportations, however, Calles-Pineda must show that the regulation serves a purpose of benefit to him and that the violation prejudiced this protected interest. *United States v. Rangel-Gonzales, supra,* at 530. Undoubtedly, one purpose of the verbatim recording regulation is to protect respondents in deportation proceedings. But Calles-Pineda has not satisfied the second requirement: he has shown no prejudice to his protected interest from the selective recording. Nowhere does he allege that the Spanish translation of the questions failed to reflect the meaning of the English or that his Spanish responses differed from the answer appearing in the record in English. *See*

(2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously excluded and deported, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act,

shall be guilty of a felony, and upon conviction thereof, be punished by imprisonment of not more than two years, or by a fine of not more than $1,000, or both.

*United States v. Barraza-Leon, supra,* at 221 n. 3.

 Calles-Pineda's fourth ground also rests on an alleged violation of I&NS regulations. Title 8, C.F.R. § 242.12 requires that, unless employed by I&NS, a deportation hearing interpreter must be sworn to translate accurately. Calles-Pineda alleges merely that the record contains neither the interpreter's oath nor a statement that he is employed by I&NS. The regulation requires no such recitation. Calles-Pineda fails to allege that the interpreters were not in fact I&NS employees or that they were not sworn as required.

 Finally, Calles-Pineda argues that his right to appeal the deportation order within ten days after decision, 8 C.F.R. § 242.21, was denied because the immigration judge, though asking respondents if they desired to appeal, did not explain that they had ten days in which to do so. There is no allegation either that Calles-Pineda did not know of the time limit on his right to appeal or that he would have chosen to appeal had he been informed. The mere allegation that Calles-Pineda was not specifically apprised of the ten-day period, absent an indication that such lack of notice in any way prejudiced his protected interests, does not constitute a deprivation of due process. *But see Haidar v. Coomey,* 401 F.Supp. 717 (D.Mass.1974), *appeal denied,* 530 F.2d 962 (1st Cir. 1976) (*mem.*)

Although he alleges several grounds for potential due process violations, Calles-Pineda failed to show how any one or all of the procedures used caused him actual harm or in any way derogated the fairness of his deportation hearings. Absent such a showing, we cannot find that his due process rights were violated.

AFFIRMED.