## MATTER OF TOMAS

### In Deportation Proceedings

A-24344066
A-24345525
A-24345526
A-24345527
A-24345528
A-24345529

*Decided by Board August 6, 1987*

(1) The respondents, who have the burden of showing a well-founded fear of persecution to qualify for asylum or withholding of deportation, must be given a reasonable opportunity to present evidence on their own behalf, including their testimony.

(2) Where the respondents cannot speak English fluently, the presence of a competent interpreter is essential for their meaningful participation in certain phases of the hearing and to insure the fundamental fairness of the proceedings.

(3) A remand is ordered by the Board of Immigration Appeals for the purpose of conducting a new hearing and obtaining the services of a professional interpreter fluent in the Kanjobal language of Guatemala where the respondents, who spoke no English and little or no Spanish, could not adequately present their case through a Spanish interpreter.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. § 1251(a)(2)]—Entered without inspection (all respondents)

ON BEHALF OF RESPONDENTS:
Susan Giersbach Rascon, Esquire
Central American Refugee Program
6802 South 24th Street
Phoenix, Arizona 85040

ON BEHALF OF SERVICE:
J. Bert Vargas
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

The respondents appeal from a decision of an immigration judge dated August 16, 1984, finding them deportable under section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2) (1982). The immigration judge denied the respondents'

applications for asylum and for withholding of deportation under sections 208 and 243(h) of the Act, 8 U.S.C. §§ 1158 and 1253(h) (1982). The Immigration and Naturalization Service requested that the appeal be summarily dismissed. The record will be remanded.

The respondents are a 39-year-old male native and citizen of Guatemala, his wife, and his children, all natives and citizens of Guatemala. Hearings were held May 2, and June 10, 1983, and August 16, 1984. At the first hearing the respondents were given a continuance to obtain an attorney. Subsequently, the immigration judge denied the request for a Kanjobal interpreter and found the respondents deportable and denied their applications for withholding of deportation and for asylum, because the immigration judge found they had failed to show that they would be in danger of harm in Guatemala.

During the hearing the respondents stated repeatedly that they were unable to communicate fully with the interpreter who spoke Spanish. The respondents are native speakers of Kanjobal. The immigration judge determined that the respondents could sufficiently present their case in Spanish with the help of the 15-year-old daughter who spoke Kanjobal and Spanish.

Because the respondents have the burden of showing a well-founded fear of persecution to qualify for asylum or withholding of deportation, they must be given a reasonable opportunity to present evidence on their own behalf, including their testimony. *Matter of Dunar*, 14 I&N Dec. 310 (BIA 1973); *see also Fleurinor* v. *INS*, 585 F.2d 129 (5th Cir. 1978); *Matter of Exilus*, 18 I&N Dec. 276 (BIA 1982).

We find that it is necessary to remand the case for another hearing to be conducted with the help of a Kanjobal interpreter. Although all of the hearing need not be translated for the hearing to be fair, the respondents must be able to participate meaningfully in certain phases of their own hearing. *See Matter of Exilus, supra.* The presence of a competent interpreter is important to the fundamental fairness of a hearing if the alien cannot speak English fluently. *See Tejeda-Mata* v. *INS*, 626 F.2d 721, 726 (9th Cir. 1980) (dictum), *cert. denied*, 456 U.S. 994 (1982); *Niarchos* v. *INS*, 393 F.2d 509 (7th Cir. 1968) (dictum); *Gonzales* v. *Zurbrick*, 45 F.2d 934 (6th Cir. 1930). The application for asylum was based in large part on the respondents' own testimony. The male respondent stated to the immigration judge that he could speak only a little Spanish. The task set for the daughter of the family was one which would tax the skill of a professional interpreter. There is a great difference between understanding a language and being able to fully translate thoughts from one language to another. Moreover, the daugh-

ter disclaimed an ability to perform in this role. There was no basis for the determination that the respondents could present their case adequately under these conditions.

There was no reason given why an interpreter in Kanjobal could not be found. A desire to avoid excessive continuances is not sufficient reason to allow a hearing to proceed where the right of a respondent to present testimony may be abridged. Accordingly, the record will be remanded. The request for oral argument before the Board is denied as moot.

**ORDER:** The record is remanded to the immigration judge for further proceedings consistent with the foregoing opinion and the entry of a new decision.