[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 4, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-10486
Non-Argument Calendar

_____

BIA No. A77-925-235

CLAUDIA HELENA VASQUEZ-ACEVEDO,

Petitioner-Appellant,

versus

U.S. ATTORNEY GENERAL,

Respondent-Appellee.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

(May 4, 2005)

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Claudia Helena Vasquez-Acevedo (Vasquez) petitions us for review of the Board of Immigration Appeals' (BIA's) order, dismissing her appeal of the Immigration Judge's (IJ's) denial of her applications for asylum and withholding of removal. Vasquez makes two related arguments pertaining to the translation of her testimony from Spanish into English during her hearings before the IJ: (1) pointing out corrections that had to be made in the translation, she argues the administrative proceedings violated her Fifth Amendment Due Process rights because the translation of her testimony was incompetent; and (2) she contends the IJ's adverse credibility finding was erroneous because it was based on an incompetent translation of her testimony, which made her testimony appear confusing and inconsistent. We deny Vasquez's petition.

## I. BACKGROUND

On May 2, 2000, the Immigration and Nationalization Service (INS) issued Vasquez, a citizen and native of Columbia, a notice to appear, charging her with removability. At an initial hearing before the IJ, Vasquez conceded her removability, and Columbia was designated as the country of removal. She then submitted her application for asylum and withholding of removal.

The IJ held several hearings, which were conducted in Spanish and translated into English by interpreters. During one hearing, there were several problems with the translation of Vasquez's testimony. At another hearing, at

2

which a different interpreter was employed, there were more problems with the translation of Vasquez's testimony. At one point, the IJ noted that, even Vasquez's attorney, who was bilingual, would have to acknowledge that she gave confusing answers.

At the conclusion of the proceedings, Vasquez's attorney pointed out that "there was . . . some confusion at the individual hearing with the translation. As you may remember, the interpreter was sick. He did admit in several instances that he had misspoke . . ." The IJ then offered Vasquez's attorney an opportunity to correct the testimony, noting: "This hearing will not go to any appellate board, whether it's granted or whether it's denied . . . unless I am assured that the respondent feels that she was able to fully express herself to this Court. I will not cut anybody off." Vasquez's counsel replied: "[S]he was given an opportunity to speak, and she did speak, and testified to things that she wanted to. She was not denied the opportunity. She was. And [the interpreter] did, to the best of his ability, his job." The IJ asked: "Do you feel that she was . . . prejudiced by this interpreter, and if so, do you want the opportunity of having her restate things that were not . . . properly interpreted?" Vasquez's attorney replied that, although the interpreter did have to go back and correct some testimony, the corrections were made on the record, and, therefore, he felt that the interpretation problems "were addressed."

3

The IJ denied Vasquez's application for asylum and withholding of removal, finding that (1) her testimony at the hearings, in her application, and during her credible fear interview was incredible, inconsistent, and vague, and (2) her supporting documentation likewise did not establish her eligibility for relief. Vasquez appealed to the BIA, noting several instances of interpretation problems in the transcript and arguing, *inter alia*, the IJ's determination that her testimony was not credible was "quite possibly the result of confusing and inconsistent translation." She argued the IJ erroneously relied on incorrect testimony in making his credibility finding, and she had an absolute due process right to competent translation. The BIA dismissed Vasquez's appeal, finding, *inter alia*, she was not denied a fair hearing, since: (1) the record showed she did not request another interpreter and the interpreter's errors were not significant; and (2) she had failed to explain how the IJ relied on incorrect testimony or how she was prejudiced in the proceedings.

## II.  DISCUSSION

Our review of constitutional challenges is de novo. *Lonyem v. United States Attorney General*, 352 F.3d 1338, 1341 (11th Cir. 2003). "[T]he Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 113 S. Ct. 1439, 1449 (1993). While "failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty

4

interest," *Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1146 (11th Cir. 1999), aliens do have a protected interest in petitioning for asylum, *Haitian Refugee Ctr. v. Smith*, 676 F.2d 1023, 1038 (5th Cir. Unit B 1982) (finding, "in the federal regulations establishing an asylum procedure . . . a clear intent to grant aliens the right to submit and the opportunity to substantiate their claim for asylum").

"Due process is satisfied only by a full and fair hearing." *Ibrahim v. INS*, 821 F.2d 1547, 1550 (11th Cir. 1987). "The presence of a competent interpreter is important to the fundamental fairness of a hearing, if the alien cannot speak English fluently." *Matter of Tomas*, 19 I. & N. Dec. 464, 465 (BIA 1987). To prevail on a due process challenge, however, an alien must show substantial prejudice, *i.e.*, that the outcome would have differed, had the due process violation not occurred. *Patel v. U.S. Attorney Gen.*, 334 F.3d 1259, 1263 (11th Cir. 2003); *Ibrahim*, 821 F.2d at 1550.

A careful review of the record demonstrates Vasquez's claim she was denied due process during her asylum hearing is without merit. The record shows that, during Vasquez's hearings, there were several instances of interpretation problems. For example, the interpreter asked Vasquez to slow down a number of times and to repeat herself, and even changed his translation of her testimony. However, despite evidence the translation of Vasquez's testimony may have been, at times, erroneous, Vasquez has not shown she was substantially prejudiced by any error in

5

the process. *See Patel*, 334 F.3d at 1263. Additionally, her Spanish-speaking attorney was able to correct some instances of mistranslation on the record.

Vasquez does not address, other than generally, how the translation affected her credibility. She does not explain how any specific alleged mistranslation affected the IJ's conclusion she was not credible. Additionally, many of the problems in the testimony translation appear to have stemmed from Vasquez's own manner of speaking. The IJ noted Vasquez spoke very fast and had to ask her to slow down several times. Two separate interpreters had similar problems translating Vasquez's testimony, indicating any errors in translation may have resulted more because her way of speaking was confusing, than because of the incompetency of the interpreter. Additionally, Vasquez's attorney, who spoke Spanish, heard the translation as it was occurring and had several opportunities to correct it. Finally, Vasquez's attorney declined the IJ's express offer to have Vasquez re-testify if he felt that Vasquez was prejudiced by the translation. Vasquez's attorney acknowledged the interpreter had done a sufficient job and that any potential errors were addressed and corrected on the record.

### III. CONCLUSION

Because Vasquez failed to show how she was prejudiced in her hearing by the alleged incompetent translation of her testimony, and there is no indication in the record the hearing was not fair, the IJ did not deny Vasquez due process of law.

6

Additionally, Vasquez has failed to show how any alleged mistranslation affected the credibility finding.  Accordingly, Vasquez's petition for review is denied.

**PETITION DENIED**.