**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| DOUGLAS FLORES-GONZALEZ, | No. 08-70911 |
| Petitioner, | Agency No. A098-384-860 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:     FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

Douglas Flores-Gonzalez, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order both dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum, and denying his claim for withholding of removal. Our jurisdiction is

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review de novo questions of law and review for substantial evidence factual findings. *See Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir. 1995). We deny the petition for review.

We reject Flores-Gonzalez's claim that the IJ erred by failing to address withholding of removal because any error committed by the IJ was rendered harmless by the BIA's application of the correct legal standard. *See id.* at 1430. Flores-Gonzalez's contention that the BIA improperly concluded that the IJ had ruled on withholding of removal is belied by the record.

We lack jurisdiction to review Flores-Gonzalez's claim that the IJ failed to address his CAT claim because he did not exhaust it before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Furthermore, because Flores-Gonzales did not adequately raise a CAT claim in his notice of appeal to the BIA, the BIA did not err by not addressing it.

Flores-Gonzalez's contention that there is no record of the arguments he raised to the BIA is belied by the record, given the arguments he raised in the notice of appeal.

Finally, we reject Flores-Gonzalez's contention that the agency erred because it did not make a verbatim transcript of proceedings. After identifying a problem with the tape recording, the IJ read her notes into the record and provided

Flores-Gonzalez and his counsel an opportunity to make corrections. Both parties agreed this accurately reflected and would be regarded as the testimony, and Flores-Gonzalez has not demonstrated how this affected the outcome of his proceedings. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim); *United States v. Calles-Pineda*, 627 F.2d 976, 977 (9th Cir. 1980) (violation of INS regulation requiring verbatim recording of deportation hearings will not invalidate deportation unless the violation prejudiced a protected interest).

**PETITION FOR REVIEW DENIED.**