[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14168
Non-Argument Calendar

_____

Agency No. A208-133-355

MAGDALENA JUAN-PEDRO,
SANDRA YULISSA TOMAS-JUAN,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 28, 2020)

Before LAGOA, BRASHER and MARCUS, Circuit Judges.

PER CURIAM:

Magdalena Juan-Pedro,[1] a native and citizen of Guatemala who speaks Konjobal, seeks review of the Board of Immigration Appeals ("BIA")'s order, affirming the Immigration Judge ("IJ")'s denial of her application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief.   She argues that: (1) the BIA violated her due process rights by affirming the IJ's adverse-credibility finding, which was based on her unresponsive or confused answers that she says were caused by the interpreter's mistranslations; (2) the BIA erred in denying her application because her testimony was not inconsistent or contradictory and she clarified her answers when asked.  After careful review, we deny the petition.

"We review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion.  Insofar as the Board adopts the IJ's reasoning, we will review the IJ's decision as well."  Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (citations omitted).  In this case, we review both the BIA and IJ decisions because the BIA agreed with the IJ's reasoning and factual findings.  See id.

We review constitutional challenges de novo.  Ali v. U.S. Att'y Gen., 443 F.3d 804, 808 (11th Cir. 2006).  We review factual findings, including credibility determinations, under the substantial-evidence test, in which an agency decision "can be reversed only if the evidence 'compels' a reasonable fact finder to find

---

[1] Juan-Pedro is the lead respondent in this case, and the other respondent is her minor daughter, whose claims rest upon those of her mother.  See 8 U.S.C. § 1158(b)(3)(A)).

otherwise."  Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1230-31 (11th Cir. 2006) (quotations omitted).  We must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole. D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 818 (11th Cir. 2004).

First, we are unpersuaded by Juan-Pedro's claim that the BIA violated her due process rights by affirming the IJ's adverse-credibility finding.  We've held "that the Fifth Amendment entitles petitioners in removal proceedings to due process of the law."  Lapaix v. U.S. Att'y Gen., 605 F.3d 1138, 1143 (11th Cir. 2010).  A petitioner alleging a due process violation "must show that she was deprived of liberty without due process of law and that the purported errors caused her substantial prejudice," which means that, "in the absence of the alleged violations, the outcome of the proceeding would have been different."  Id.  "Due process is satisfied only by a full and fair hearing."  Ibrahim v. INS, 821 F.2d 1547, 1550 (11th Cir.1987).

The BIA has held that applicants "must be able to participate meaningfully in certain phases of their own hearing," and thus, if the applicant cannot speak English, "[t]he presence of a competent interpreter is important to the fundamental fairness of a hearing."  Matter of Tomas, 19 I&N Dec. 464, 465 (BIA 1987).  In Matter of D-R-, the respondent challenged the competency of the interpreter at his removal proceedings, presenting examples of confusion in the transcript and quotes of imperfect English, which he assumed were based on mistranslations.  25 I&N Dec.

3

445, 461 (BIA 2011). The BIA disagreed, finding that he had "not cited specific examples of material testimony that was not translated or was translated incorrectly," nor had he "shown how a better translation would have made any difference in the hearing's outcome." Id. at 461-62 (quotations omitted).

Here, Juan-Pedro has not shown that any translation errors violated her due process rights. First, she has failed to show that she was deprived of a full and fair hearing. As the record reflects, the IJ insured the presence of a Konjobal interpreter, she confirmed several times that Konjobal was Juan-Pedro's best language and that she understood the interpreter, and the IJ repeated his questions when it was pointed out that Juan-Pedro may not have understood the translation. There was only one instance, on cross-examination, when no clarification was given after Juan-Pedro indicated that she did not understand a question, but her counsel did not object to this lack of clarification. Moreover, as in D-R-, Juan-Pedro has not cited to any specific examples of material testimony that was translated incorrectly, nor has she made any argument regarding how a better translation would have made any difference in the hearing's outcome, especially given the BIA's alternative finding that she was ineligible for relief even if her testimony was credible. See 25 I&N Dec. at 461. On this record, she has failed to establish that she was deprived of liberty, or that the purported translation errors caused her substantial prejudice. Accordingly, we deny her petition concerning her due process claims.

4

Nor do we find merit to Juan-Pedro's argument that the BIA erred in denying her application for asylum, withholding of removal, and CAT relief. An applicant for asylum must meet the definition of a refugee found in the Immigration and Nationality Act ("INA"). 8 U.S.C. § 1158(b)(1). A "refugee" is defined as:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

Id. § 1101(a)(42)(A). The burden is on the applicant to establish her eligibility for asylum by offering "credible, direct, and specific evidence in the record." Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005) (quotations omitted). An applicant's testimony alone, if found credible, is sufficient to establish eligibility. Id. Conversely, if an applicant produces no evidence other than her testimony, "an adverse credibility determination is alone sufficient to support the denial of an asylum application." Id.

An "IJ must offer specific, cogent reasons for an adverse credibility finding," and once it does so, "the burden is on the applicant alien to show that the IJ's credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." Id. If the applicant fails to do so, we "may not substitute [our] judgment for that of the BIA with respect to credibility findings." D-Muhumed, 388 F.3d at 818.

5

Under 8 U.S.C. § 1158, the trier of fact may properly base an adverse-credibility determination on such factors as:

> the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii).  As for findings about an applicant's demeanor, we have held that "[t]he IJ alone is positioned to make determinations about demeanor -- by observing the alien and assessing his or her tone and appearance -- and in that sense is uniquely qualified to decide whether an alien's testimony has about it the ring of truth.'" Todorovic v. U.S. Att'y Gen., 621 F.3d 1318, 1324 (11th Cir. 2010) (quotations omitted).  Consequently, we "afford great deference to an IJ's assessment of 'demeanor,'" and thus, to the extent that a credibility determination involves demeanor, it is largely "unreviewable." Id. at 1325 (quotations omitted).

To establish eligibility for withholding of removal, the petitioner must show that, if he returns to his home country, it is more likely than not that he will be persecuted or tortured on account of race, religion, nationality, membership in a particular social group, or political opinion. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1232 (11th Cir. 2005).  This standard is significantly higher than the asylum

standard, and a petitioner who cannot meet the asylum standard usually cannot meet the standard for withholding of removal.  Al Najjar, 257 F.3d at 1292-93.

Under the CAT, the burden of proof is on the petitioner to establish that it is more likely than not that he would be tortured if removed to the proposed country of removal.  8 C.F.R. § 208.16(c)(2).  Moreover, to obtain CAT relief, the petitioner must demonstrate that the torture would be inflicted by the government or that the government would acquiesce in the torture by being aware of it and failing to intervene.  Reyes-Sanchez v. U.S. Att'y Gen., 369 F.3d 1239, 1242 (11th Cir. 2004). The burden of proof for an applicant seeking CAT relief, like that for an applicant seeking withholding of removal under the statute, is higher than the burden imposed on an asylum applicant. Al Najjar, 257 F.3d 1262, 1303 (11th Cir. 2001).

Here, the record reveals that substantial evidence supports the IJ's adverse-credibility findings and that specific, cogent reasons were provided for its findings -- that Juan-Pedro's testimony was internally inconsistent and also inconsistent with the documentary evidence.  The IJ's stated reasons included that: (1) Juan-Pedro said that she did not tell anyone about the abuse she had sustained from the hand of her former partner, Luis Tomas Francisco, then that she told her mother, and then that she actually did not tell her mother; (2) she offered conflicting dates about when she left Francisco; and (3) she said that she reported Francisco to the police, while Juan-Pedro's friend, Irma Andres, wrote in her letter that Juan-Pedro never told the police

because she feared retaliation. Further, the IJ found that Juan-Pedro had an untruthful and unresponsive demeanor, which he alone was in a position to find, and that she appeared to be "throwing answers at the person asking the question." On this record, we are compelled to conclude that substantial evidence supports the BIA's conclusion that Juan-Pedro failed to show that she had a well-founded fear of persecution. Thus, we deny her petition as to her asylum and withholding of removal claims. Moreover, for the same reasons, substantial evidence supports the BIA's conclusion that Juan-Pedro failed to establish that she would more likely than not be tortured if she returned to Guatemala. Accordingly, we also deny her petition as to her CAT claim.

**PETITION DENIED.**