Rafael CASTILLO–MAGALLON and Martha Ismelda Naranjo de Castillo, Petitioners,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 83–7006.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 1984.

Decided April 4, 1984.

Paul D. Edmondson, Yakima, Wash., for petitioners.

Joan E. Smiley, Washington, D.C., for respondent.

Before WRIGHT and HUG, Circuit Judges, and MACBRIDE,* District Judge.

HUG, Circuit Judge:

Petitioners Rafael Castillo-Magallon and his wife Martha Ismelda Naranjo de Castillo seek review of a Board of Immigration Appeals ("BIA") decision dismissing their appeal from a decision of the Immigration

* The Honorable Thomas J. MacBride, Senior United States District Judge for the Eastern District of California, sitting by designation.

Judge ("IJ") ordering them excluded from the United States pursuant to section 212(a)(20) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(20). Petitioners contend that the IJ erred in refusing to consider their application for suspension of deportation under section 244(a)(1) of the INA, 8 U.S.C. § 1254(a)(1). The INS contends that this appeal must be dismissed on the ground that this court lacks jurisdiction to review exclusion proceedings.

## FACTS

Both petitioners entered the United States from Mexico without inspection, she in June, 1973, and he in February, 1974. Apparently they were subjected to deportation proceedings at some point. The IJ's decision mentions only that "[o]n August 27, 1977, both applicants were notified that due to the court order in *Silva v. Levi*, ... no action would be taken in their cases until further action by the Court." The *Silva* case had been brought to "recapture" Western Hemisphere visa numbers previously given to Cuban refugees. *See Silva v. Bell*, 605 F.2d 978 (7th Cir.1979). On July 2, 1980, petitioners were issued Form I-512, Authorization for Parole or Conditional Entry, on which it was noted that they were presently in the United States pursuant to the *Silva* order and permitted to leave and return to the United States pending a final resolution of that order. Petitioners then left the United States for two weeks to visit an ailing parent in Mexico, returning on July 26, 1980, as "parolees."

When the *Silva* case was resolved in a way that offered petitioners no relief, the INS initiated exclusion proceedings against them. At a hearing on July 26, 1982, petitioners were found excludable as charged. They sought to apply for suspension of deportation, but the IJ ruled that they were not entitled to do so. The BIA affirmed, holding that petitioners were clearly excludable and that it had no jurisdiction to consider suspension of deportation in exclusion proceedings.

## ANALYSIS

■ This court would have jurisdiction to hear this direct appeal from the BIA if the IJ's order were a final order of deportation. 8 U.S.C. § 1105a(a). An alien against whom a final order of exclusion has been made, however, "may obtain judicial review of such order by habeas corpus proceedings and not otherwise." 8 U.S.C. § 1105a(b). Since the record in this case leaves no doubt that the IJ intended to issue an order of exclusion, this court lacks jurisdiction to hear the appeal.

■ That the IJ refused to consider the petitioners' application for suspension of deportation does not change the result. At an exclusion proceeding an alien is not entitled to seek a suspension of deportation. 8 U.S.C. § 1252(e); *Landon v. Plasencia*, 459 U.S. 21, 103 S.Ct. 321, 326, 74 L.Ed.2d 21 (1982). In any case, the IJ's refusal occurred in the course of an exclusion proceeding. Even if the IJ had erred, we would lack jurisdiction to hear a direct appeal.

■ Petitioners may be understood to contend that they were entitled to a deportation proceeding rather than an exclusion proceeding. Their argument is that the *Silva* injunction gave them the status of permanent resident aliens and, therefore, that the issue of whether their return from Mexico in 1980 was an "entry" for purposes of section 101(a)(13) of the INA, 8 U.S.C. § 1101(a)(13), can be litigated only in deportation proceedings. If a permanent resident alien has not "meaningfully departed" the United States, then he cannot be said to "enter" the United States when he returns, and he is thus not subject to exclusion proceedings under section 236(a), 8 U.S.C. § 1226(a). The Supreme Court has held, however, that the issue of "entry" may indeed be decided at an exclusion hearing. *Landon v. Plasencia*, 103 S.Ct. at 328–29. Whether there was "entry" is a jurisdictional fact. *Id.* at 328.

In the present case, the IJ did not specifically address this issue but simply as-

sumed that an exclusion proceeding was appropriate. If he erred in that tacit assumption, he did so in the course of determining his jurisdiction to hold an exclusion proceeding. Review of an exclusion proceeding, even one in which the IJ's jurisdiction is challenged, is available only in a habeas corpus proceeding in the district court.

This appeal is DISMISSED for lack of jurisdiction.