Alfred Joseph **MENTOR**

v.

**UNITED STATES IMMIGRATION & NATURALIZATION SERVICE.**

Civ. A. No. 93–4678.

United States District Court,
E.D. Pennsylvania.

Sept. 15, 1993.

---

1. Judge of the United States Court of International Trade, sitting by designation.

V. Pinnock Bailey, II, Bailey & Bailey, Philadelphia, PA, for petitioner.

Bernadette A. McKeon, U.S. Atty., U.S. Dept. of Justice, Philadelphia, PA, for respondent.

*MEMORANDUM*

BARTLE, District Judge.

Before the court is a petition for habeas corpus filed by Alfred Joseph Mentor ("Mentor"), a citizen of Haiti. Petitioner is presently in the custody of the United States Immigration & Naturalization Service ("INS") and is scheduled for deportation as a result of a final exclusion order. Section 106(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1105a(a)(10) provides that "any alien held in custody pursuant to an order of deportation may obtain judicial review thereof by habeas corpus proceedings." [1]

Mentor entered the United States illegally on or about August 1, 1989 at Miami, Florida. At the time of his arrival, petitioner was in possession of two passports, one in his name and one in the name of another person. Immigration and Naturalization Services' Examiners in Miami charged him with excludability under then applicable §§ 212(a)(19) and (20) of the INA, 8 U.S.C. §§ 1182(a)(19) and (20). [2] Petitioner at that time applied for political asylum.

A hearing on the application for political asylum was held before an Immigration Judge on November 5, 1990. Petitioner was represented by counsel. Because petitioner's native language is Creole an official interpreter was provided. Upon conclusion of the hearing, the Immigration Judge decided that petitioner was excludable from the United States under 8 U.S.C. §§ 1182(a)(19) and (20), denied his application for asylum and withholding of deportation, [3] and ordered him excluded and deported to Haiti. In denying him asylum, the Immigration Judge found that petitioner was not credible and had failed to prove that his "life or freedom would be threatened ... [in Haiti] on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1253(h). *See Immigration & Naturalization Service v. Stevic*, 467 U.S. 407, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984).

Counsel for petitioner filed a timely appeal to the Board of Immigration Appeals (the "Board"). The Board affirmed the decision of the Immigration Judge on the merits and dismissed the appeal on September 16, 1992. On July 8, 1993 petitioner was ordered to surrender to the INS for deportation. He

---

**1.** Section 1105a(b) also provides:

Notwithstanding the provisions of any other law, any alien against whom a final order of exclusion has been made heretofore or hereafter under the provisions of section 1226 of this title or comparable provisions of any prior Act may obtain judicial review of such order by habeas corpus proceedings and not otherwise.

**2.** 8 U.S.C. § 1182(a) was amended in 1990 by decreasing the number of classes of excludable aliens from 34 to 9 by broadening descriptions of such classes. These amendments are applicable only to individuals entering the United States on or after June 1, 1991. *See* Pub.L. 101–649 § 601(e)(1).

The applicable version of § 1182(a) provides:
Except as otherwise provided in this chapter, the following describes classes of excludable aliens who are ineligible to receive visas and who shall be excluded from admission into the United States:

. . . . .

(19) Any alien who seeks to procure, or has sought to procure, or has procured a visa or other documentation, or seeks to enter the United States, by fraud, or by willfully misrepresenting a material fact;
(20) Except as otherwise specifically provided in this chapter, any immigrant who at the time

of application for admission is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this chapter, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality, if such document is required under the regulations issued by the Attorney General pursuant to section 1181(a) of this title.

**3.** The INA provides two forms of relief for aliens who fear persecution in their native countries. Under 8 U.S.C. § 1253(h) The Attorney General is prohibited from deporting an alien who establishes that his "life or freedom would be threatened in such country on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1253(h).

An alien may also avoid deportation by obtaining political asylum pursuant to 8 U.S.C. § 1158(a). Under this section an alien must demonstrate that he is a "refugee" within the meaning of § 1101(a)(42)(A). A refugee in this context is a person with a "well-founded fear of persecution" in his native country. 8 U.S.C. § 1101(a)(42)(A). If the applicant makes the required showing the Attorney General has discretion to grant asylum.

complied with the order and was taken into custody in Philadelphia. On July 30, 1993, petitioner, represented by new counsel, filed a motion with the Board to reopen and reconsider and for stay of deportation. While withholding a final ruling on the motion to reopen and reconsider, the Board denied the stay of deportation on August 12, 1993 on the ground that there was "little likelihood" the motion would be granted. Fearing that deportation was imminent, petitioner filed a with the Court a Petition for Writ of Habeas Corpus and an Application for a Temporary Restraining Order on August 30, 1993.[4] This court granted Petitioner's Application, pending a hearing which was held September 3, 1993.

Petitioner challenges the decisions of the Immigration Judge and the Board on the ground that he was denied a "full and fair" hearing before the Immigration Judge. He contends that his interpreter failed to provide a competent translation of the proceedings, in violation of his constitutional due process rights. He also claims ineffective assistance of counsel.

Before addressing the merits of these claims, the court must determine whether petitioner has exhausted his administrative remedies as required by 8 U.S.C. § 1105a(c). That subsection provides that orders of deportation or exclusion, "shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right...."[5]

■ Petitioner did not present before the Board either his claim that his interpreter was incompetent or his claim that his counsel was ineffective. This court is generally precluded from reviewing issues which were not first raised in an appeal to the Board. *Alleyne v. U.S. I.N.S.*, 879 F.2d 1177, 1182 (3d Cir.1989); *Vargas v. U.S. Dept. of Immigration & Naturalization Service*, 831 F.2d 906, 907–908 (9th Cir.1987). However, there is an exception. Petitioner

may bring for the first time before the Court due process claims which the Board does not have the power to correct. *Marrero v. I.N.S.*, 990 F.2d 772, 778 (3d Cir.1993). In reviewing these claims, the Court of Appeals in *Marrero* has cautioned:

> [a] petitioner cannot obtain review over procedural errors in the administrative process that were not raised before the agency merely by alleging that every such error violates due process. 'Due Process' is not a talismanic term which guarantees review in this court of procedural errors correctable by the administrative tribunal.

*Marrero*, 990 F.2d at 778, *citing Vargas*, 831 F.2d at 908.

■ We agree that petitioner's allegation concerning an incompetent interpreter implicates due process concerns. A person subject to deportation is entitled to a full and fair deportation hearing. *Wong Yang Sung v. McGrath*, 339 U.S. 33, 49–51, 70 S.Ct. 445, 454, 94 L.Ed. 616 (1950). Due process in this context requires that petitioner receive timely notice, that he have an opportunity to be heard, to cross-examine witnesses against him, and to produce evidence. *U.S. v. Gasca–Kraft*, 522 F.2d 149, 152 (9th Cir.1975). The right of a person subject to deportation to be able to participate meaningfully by having the proceedings translated into a language he or she understands is fundamental. Otherwise, a hearing is really no hearing at all. *See Tejeda–Mata v. Immigration and Naturalization Service*, 626 F.2d 721 (9th Cir.1980), *cert. denied*, 456 U.S. 994, 102 S.Ct. 2280, 73 L.Ed.2d 1291 (1982).

■ This court, therefore, must decide whether the claim of an incompetent interpreter is the type of correctable procedural error that should have first been brought before the Board. Research has disclosed no case from our Court of Appeals which addresses the question. However, several unpublished opinions from the Ninth Circuit

---

4. Review of exclusion proceedings is available only in a habeas corpus proceeding in the appropriate district court. 8 U.S.C. § 1105a(b); *Castillo–Magallon v. INS*, 729 F.2d 1227, 1229 (9th Cir.1984).

5. Although there is a pending motion for reconsideration before the Board, the Court of Appeals of this Circuit has held that such a motion does not render an order of deportation non-final. *Alleyne v. U.S. I.N.S.*, 879 F.2d 1177 (3d Cir. 1989).

have held that it is a procedural question which must first be raised before the Board. For example, in *Bajoa v. U.S. Dept of Immigration and Naturalization*, 855 F.2d 860 (9th Cir.1988), the court held that petitioner's due process claim that he was denied the assistance of an interpreter alleged a "procedural error that could have been corrected by the agency." This court agrees. The Board had the power to order a new hearing if the translation was materially deficient. Indeed, in *In the Matter of Tomas*, 19 I & N Dec. 464 (BIA 1987), the Board did just that. It reversed the decision of the Immigration Judge who had denied the request for a translator and left the alien with the inadequate interpretative skills of his daughter. Petitioner here has not exhausted his administrative remedies with respect to the incompetence of his interpreter. Accordingly, this Court is without habeas corpus jurisdiction to review that claim.

Petitioner also contends, in his habeas corpus petition, that counsel who represented him at the original hearing was ineffective for failing to present affidavits on his behalf or to call witnesses to testify to his fear of persecution and to his character. Petitioner further argues that his original counsel was ineffective for failing to raise the issue of an incompetent interpreter.

 A deportation proceeding is a civil matter and therefore the Sixth Amendment,[6] which is limited to criminal cases, is not applicable. *Magallanes–Damian v. I.N.S.*, 783 F.2d 931, 933 (9th Cir.1986), *See I.N.S. v. Lopez–Mendoza*, 468 U.S. 1032, 1038–1039, 104 S.Ct. 3479, 3483, 82 L.Ed.2d 778 (1984). While an alien is entitled to due process, he is not entitled at government expense to counsel as a matter of constitutional right.[7] *Chlomos v. United States Dept. of Justice, I.N.S.*, 516 F.2d 310, 313 (3d Cir.1975); *Montilla v. I.N.S.*, 926 F.2d 162, 166 (2d Cir. 1991); *Michelson v. I.N.S.*, 897 F.2d 465, 467 (10th Cir.1990). Ineffectiveness of counsel may infringe on the petitioner's due process rights only "if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Ramirez–Durazo v. I.N.S.*, 794 F.2d 491, 499–500 (9th Cir.1986), *citing Lopez v. INS*, 775 F.2d 1015, 1917 (9th Cir.1985). In order to meet this test, petitioner must show, "not merely ineffective assistance of counsel, but assistance which is so ineffective as to have impinged upon the fundamental fairness of the hearing in violation of the fifth amendment due process clause." *Magallanes–Damian*, 783 F.2d at 933. *See also Saleh v. United States Department of Justice* 962 F.2d 234, 241 (2d Cir.1992). Petitioner must also show prejudice resulting from that ineffectiveness. *Figeroa v. U.S. I.N.S.*, 886 F.2d 76, 78 (4th Cir.1989); *Ramirez–Durazo v. I.N.S.*, 794 F.2d 491, 499 (9th Cir.1986).

 Although ineffective assistance of counsel may violate due process, petitioner may not raise for the first time in the district court matters involving incompetence of counsel which are within the power of the Board to correct. *Castaneda–Suarez v. I.N.S.*, 993 F.2d 142, 144 (7th Cir.1993). *Ramirez–Gonzalez v. I.N.S.*, 695 F.2d 1208, 1213–14 (9th Cir.1983). In this case, petitioner has proffered evidence which he claims that counsel should have presented at the hearing. The district court may not consider new evidence which is not first brought be-

**6.** The Sixth Amendment provides in relevant part:

> In all criminal prosecutions, the accused shall enjoy the right ... to have Assistance of Counsel for his defence.

**7.** The Immigration and Naturalization Act provides, 8 U.S.C. § 1252(b):

> (2) the alien shall have the privilege of being represented (at no expense to the Government) by such counsel, authorized to practice in such proceedings, as he shall chose.

The Act further provides, 8 U.S.C. § 1252b(b):

> (1) In order that an alien be permitted the opportunity to secure counsel before the first hearing date in proceedings under section 1252 of this title, the hearing date shall not be scheduled earlier than 14 days after the service of the order to show cause, unless the alien requests in writing an earlier hearing date. (2) The Attorney General shall provide for lists (updated not less often than quarterly) of persons who have indicated their availability to represent pro bono aliens in proceedings under section 1252 of this title. Such lists shall be provided under subsection (a)(1)(E) of this section and otherwise made generally available.

fore the Board. *Osaghae v. U.S. I.N.S.,* 942 F.2d 1160, 1162 (7th Cir.1991); *Ramirez–Gonzalez,* 695 F.2d at 1213–14. The Board has discretion to reopen proceedings based on the existence of new evidence which "is material and was not available and could not have been discovered or presented at the former hearing...." 8 C.F.R. §§ 3.2 (1992). The proper avenue for a claim that counsel has failed to produce relevant evidence is a motion to the Board to reopen deportation proceedings, citing counsel's incompetence as grounds for the unavailability of and failure to produce the evidence at the hearing. *Ramirez–Durazo v. I.N.S.,* 794 F.2d 491, 500 (9th Cir.1986); *Rogue–Carranza v. I.N.S.,* 778 F.2d 1373, 1374 (9th Cir.1985).

Petitioner currently has a pending motion to reopen before the Board. However, such a motion does not automatically stay deportation. 8 C.F.R. § 3.8(a). The Board has already denied petitioner's motion for stay of deportation pending consideration of the motion to reopen and reconsider. Therefore, unless this court orders a stay, petitioner will almost certainly be deported prior to the Board's consideration of his motion.

 This court has habeas corpus jurisdiction to review the Board's denial of a stay of deportation. *Blancada v. Turnage,* 891 F.2d 688 (9th Cir.1989); *Bonilla v. I.N.S.,* 711 F.2d 43, 44 (5th Cir.1983); *Diaz–Salazar v. I.N.S.,* 700 F.2d 1156, 1159 (7th Cir.1983), *cert. denied Diaz–Salazar v. I.N.S.,* 462 U.S. 1132, 103 S.Ct. 3112, 77 L.Ed.2d 1367 (1983). However the decision of the Board whether to grant a stay is a matter within its discretion pursuant to 8 C.F.R. § 3.6(b). That subsection provides, "[t]he Board may, in its discretion, stay deportation while an appeal is pending from any such order if no stay has been granted by the immigration judge." Accordingly, this court reviews the denial of a stay for abuse of discretion. *Blancada v. Turnage,* 883 F.2d 836, 838 (9th Cir.1989). Matters within the discretion of the Board shall be overturned only if "arbitrary, irrational or

contrary to law." *Amezquita–Soto v. I.N.S.,* 708 F.2d 898, 902 (3d Cir.1983) *citing So Chun Chung v. I.N.S.,* 602 F.2d 608, 611–12 (3d Cir.1979).

 In this case, the Board premised its decision to deny a stay of deportation on its determination that "there is little likelihood that the motion [to reopen] will be granted." [8] In order to determine whether the Board abused its discretion in making that determination, this court must examine the merits of petitioner's claims. To succeed on a claim of ineffective assistance of counsel at an exclusion hearing, petitioner must show a high degree of ineffectiveness as to violate due process as well as resultant prejudice.

In this case, Mentor had as counsel a person who formerly served as an attorney with The Immigration and Naturalization Service. His counsel met with him on several occasions prior to the hearing. Mentor was accompanied to the attorney's office by relatives who acted as English–Creole interpreters. At the hearing before the Immigration Judge in Philadelphia on November 5, 1990, an official Creole–English interpreter was present. The petitioner was the only witness to testify. The immigration judge, after hearing his answers and observing his demeanor, found him not to be credible. In response to numerous questions about his alleged persecution in Haiti, he answered, "I don't remember." Moreover, he entered the United States with two passports, one his own, and one for which he had paid $2,000.

At the habeas corpus hearing in this Court, several of Mentor's relatives testified that they were available but not called to testify at the immigration hearing about the conditions in Haiti and about Mr. Mentor's fear of persecution. However, two of these relatives came to the United States a number of years prior to 1986 when Mentor's alleged troubles began in Haiti. Accordingly, they had no personal knowledge of his situation in his native land. No witness presented to this Court testified to any direct knowledge that Mentor's life or freedom was threatened in

---

**8.** Petitioner argues that the Board did not provide a sufficient explanation of its decision to deny the stay. This court disagrees. The explanation provided by the Board is adequate to allow this court to determine whether the Board abused its discretion. *See Narayan v. Ilchert,* 799 F.Supp 1047 (N.D.Cal 1992).

Haiti "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1253(h).

Several persons with whom Mentor has worked in a restaurant in Philadelphia since 1990 were also called at the habeas corpus hearing before the court. They too said that Mentor's attorney had not asked them to be witnesses at the immigration hearing. The substance of their testimony in this court related to Mentor's statements to them about his fear of returning to Haiti even for a visit. These co-workers apparently had discussions with Mentor at the restaurant through other bilingual co-workers since petitioner allegedly speaks little or no English and the co-worker witnesses do not speak Creole. In any event, these statements would also be hearsay and would add little or nothing to the substantive issue involved. Since the Immigration Judge did not believe Mentor himself when he testified as to what happened to him in Haiti, it was highly unlikely he would have believed any subsequent self-serving statements made by Mentor to co-workers. Given the nature of the Immigration Judge's findings and the weakness of the additional evidence petitioner wishes to present, this court finds that the Board did not abuse its discretion in determining that petitioner is not likely to succeed on this issue.

This court also finds that the Board did not abuse its discretion in determining that petitioner was not likely to succeed on his claim that his interpreter was incompetent or that his attorney was ineffective for failing to raise this issue. In support of his position, petitioner called as a witness an attorney who knows both Creole and English. The witness testified that he could tell that the written English translation was totally inadequate by reading it and knowing what was in the petitioner's mind when he testified at the original hearing. The witness was not at the November 5, 1990 hearing, and as far as the record shows, has never represented the petitioner or even met or talked to him. The Court has thoroughly reviewed the transcript in question. While it appreciates the difficulties which petitioner faces to prove the incompetence of an interpreter, the translation on its face is neither incoherent nor inadequate. Furthermore, petitioner's reliance on the witness's clairvoyance about what was in the mind of the petitioner at the time he testified in 1990 is less than compelling evidence.

While, as noted, petitioner has pending before the Board a motion for reconsideration of his exclusion order, this Court cannot stay his return to Haiti for that reason alone. The INA evidences a strong public policy against undue delay in deportation matters through the filing of motions for reconsideration. *Alleyne v. U.S. I.N.S.*, 879 F.2d 1177, 1181 (3d Cir.1989).

Although the Court appreciates petitioner's desire to remain in the United States, he has not exhausted his administrative remedies, shown any due process violation not correctable by the Board, or established that the Board has abused its discretion in not granting a stay of deportation. Accordingly, his petition for a writ of habeas corpus will be denied.

### ORDER

AND NOW, this 15th day of September, 1993, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the petition of Alfred Joseph Mentor for a writ of habeas corpus is DENIED and this Court's stay of deportation is VACATED.