UNITED STATES of America, Plaintiff,

v.

**Benjamin Barry KRAMER, Jack Kramer, Melvin Kessler and Michael Gilbert, Defendants.**

No. 87-879-CR-NCR.

United States District Court,
S.D. Florida.

April 16, 1990.

Robert Bondi, Asst. U.S. Atty., Miami, Fla., for plaintiff.

E. David Rosen, Lawrence N. Rosen, Arthur W. Tifford, Albert J. Krieger, Miami, Fla., Mary Catherine Bonner, Ft. Lauderdale, Fla., Michael S. Pasano, Miami, Fla., for defendants.

ROETTGER, District Judge.

Pursuant to motion of the government, this court gave permission for the government to take the deposition of a key prosecution witness, Dr. Niklaus Biedermann, a lawyer and trust officer in Liechtenstein. The deposition was taken in December of 1989, approximately one month prior to the commencement of the trial in this case. The language of Liechtenstein is German.

■ The specific issue dealt with in this order is the fact that the record does not reflect that the translators were sworn at the deposition in Liechtenstein and the Defendants have moved to exclude the deposition testimony on the basis of the failure to comply with Fed.Evid.Rule 604. This court will use the term "translator" rather than "interpreter" throughout this order—although Rule 604 uses the phrase "interpreter"—because these persons actually translate the spoken or written word from one language to another rather than interpret.[1]

An evidentiary hearing was held so the court could determine the qualifications of the translators. There were only two translators at the deposition in Liechtenstein, Ms. Harland and Ms. Wimmer. The third translator, Ms. Baur, only translated the documents from German to English, and the thrust of the motion to exclude does not deal with those documents. Nevertheless, all three translators testified at the hearing.

The court can make some blanket findings as to the translators. Each of the three translators is a native speaker of the German language. Ms. Harland was raised in Germany in a German family, and her home town was Erlangen (near Nuremberg); Ms. Wimmer comes from Austria, a German-speaking country, and was raised in an Austrian family, with her home near Linz; and Ms. Baur, who is married to a lawyer in Miami—also a native German himself, is a native German and raised in a German family. All three have a college education with majors in translation of German and English: Ms. Harland at the University at Erlangen; Ms. Wimmer at Concordia University in Montreal, whose Bachelor's degree and her training enables her to translate not only German and English but French, as well; and Ms. Baur from the University at Heidelberg, and her studies led to a Bachelor's degree in translating.

Additionally, Ms. Harland, a resident of Atlanta, was a translator for the State Department. Ms. Wimmer was a translator for three years at the Austrian Trade Commission. All three translators are freelancing in the business of translation.

■ Although a hearing is seldom required, in any case involving the use of translators an inherent duty exists on the District Court to satisfy itself as to the qualifications of the translators to translate the languages involved, in this case from German to English and English to German. See *U.S. v. Perez*, 651 F.2d 268, 273 (5th Cir.1981) and *Lujan v. U.S.*, 209 F.2d 190 (10th Cir.1953) (although not the particular issue involved).

Little case law exists on the requirement for translators to be sworn, other than *U.S. v. Perez*, infra. In *Perez* the record did not reflect any objection by the Defendant to two crucial prosecution witnesses and the Court of Appeals was faced with whether the failure to swear the translators was plain error. Judge Gee looked to the law where there has been a failure to swear witnesses—a far more serious omission—and from those decisions analogized that this was not plain error or a defect affecting substantial rights. 651 F.2d at 273.

In the instant case, there was no objection by the defense counsel at Liechtenstein on the first day of the deposition. That would be the logical time for any counsel to make an objection, whether at a trial or at a deposition intended to be used at trial, such as this one. Whether the objection would have been made on the second, third or fourth day of the deposition in Liechtenstein is problematical, even if the Liechtenstein judge presiding over the deposition had not barred objections from being made after the first day.[2] However, the objection has been made here

---

1. Inasmuch as this question involves translation from German to English, it's interesting that the German verb for translating is "ubersetzen", or "to set over [from one language to another]."

2. The judge must preside over a deposition under Liechtenstein law and the judge correctly concluded after the first day that the only way to conclude the deposition in the only four days available was to bar objections. Judge Marxer ably presided and was very gracious to both sides throughout the proceeding.

early in the trial by the defendants, several weeks before the deposition was offered by the Government. Defendants assert that a fair reading of *Perez* indicates that the objection could have been made by defendants at any time during the trial, and that would have preserved the objection. Such logic is sound and practical: The District court would then have the opportunity to address the question before the case was submitted to the jury and could swear in the translator then and either repeat the testimony or, if circumstances made such preferable, have the translator ratify the accuracy of the translation made.

So whether objections would have been made by defense counsel on the second, third or fourth day in Liechtenstein is immaterial because the objection has been made once the trial began, well before the deposition testimony was offered.

At the evidentiary hearing this court swore both translators working in Liechtenstein[3] in order to determine if they had translated the proceedings in Liechtenstein faithfully and correctly from the German language to the English language and vice-versa. The court was satisfied unequivocally that the translation was truthful and correct. The court finds their answers very credible[4] and well supported by other evidence. They are unmistakably very sincere, hard-working qualified translators.

If under *Perez* the Defendant can make the objection at any time in trial before the case is submitted to the jury and thereby preserve the Defendant's objection, it stands to reason that the translators can be sworn and their translation ratified upon inquiry by the Judge at an evidentiary hearing prior to the allegedly infirm testimony being offered in a trial.

The court's conclusions are bolstered by the fact that both Judge Marxer and the

deponent, Dr. Biedermann, spoke fluent English and neither was bashful about disagreeing with a translation on the rare occasion that occurred. Further, Judge Marxer pointed out on more than one occasion (for example, deposition transcript at pages 329, 399, and 638) that the translation was correct. Occasionally, the witness would point out a variation in meaning if he disagreed with the translation. For example, pages 373 and 509. On other occasions, the witness sometimes answered before the translation from English to German was made.

Consequently, on the basis discussed above, the court denies the motion to exclude the deposition being taken with the translators not having been sworn at the commencement of the deposition in Liechtenstein.

In fairness to all counsel, the procedure in Liechtenstein was a new proceeding for everyone over there and the lawyers, too; all counsel were treading carefully and trying to protect their interests, and the judge was bending over backwards to be a gracious host and to preside over the proceedings accurately. It's hardly surprising that something would be overlooked at the beginning of the deposition.

The court is constrained to point out that the judge in Liechtenstein graciously requested the presence of the undersigned judge at the deposition to advise him so that any rulings made at the depositions would be the ones the trial judge would have made if presiding at the deposition. The United States Government moved that this judge honor Judge Marxer's request and attend the deposition in Liechtenstein and the Liechtenstein government approved this judge's attendance. Unfortunately, that procedure is precluded by action of the Judicial Conference of the Unit-

---

**3.** Transcript, 4299 and 4326. The transcript inaccurately sets forth the oath as given to Ms. Harland. It was similar to the oath administered Ms. Wimmer. Further, this court notices that the Clerk's Office maintains a current list of translators "who have been administered the interpreters' oath." Ms. Wimmer, a Miami resident, is on the list for German translators (and on the French list, too).

**4.** The undersigned judge has a limited ability to speak German—albeit far short of fluency. This has not caused the court to question this finding; to the contrary, it has supported the finding.

ed States in 1978. *See Code of Judicial Conduct for United States Judges*, IV–29, (Resolution M) This problem of the unsworn translator and the termination of objections (See fn. 2 *infra*) would have been obviated if the undersigned judge had been permitted to accept the invitation of the Liechtenstein government and judge.

 A second basis for denying the motion on the basis of translators not having been sworn originally is the exception under 803(1), the Present Sense Impression exception. Various courts have held translation admissible on this basis despite what a translator heard at the scene being hearsay. The 11th Circuit has addressed that in *U.S. v. Alvarez*, 755 F.2d 830 (11th Cir. 1985), although the *Alvarez* case certainly does not address the question presented here. See also *U.S. v. Abell*, 586 F.Supp. 1414, 1425 (D.Me.1984). The *Abell* court relied on *U.S. v. Portsmouth Paving Company*, 694 F.2d 312 (4th Cir.1982)

A third basis for the admission of this deposition is Fed.Evid.Rule 803(24), the "Other Exceptions" or catchall provision of Hearsay exceptions. The test is trustworthiness and trials are a truth-seeking process. Inasmuch as the touchstone is trustworthiness, this evidence may be introduced, despite the fact the translation is technically hearsay—if the Court determines (a) the statement is offered as evidence of a material fact (Doctor Biedermann's testimony certainly qualifies as to that) (b) the statement is more probative on the point for which it is offered than any other evidence which the proponent (the government) can procure through reasonable efforts, and that most certainly is true; (c) the general purposes of these rules and the interests of justice would best be served by the admission of the statement into evidence, and the court concludes that's also true. It is not to be admitted unless the proponent Government makes known to the adverse parties, the defendants, sufficiently in advance of the trial or hearing to provide the adverse parties with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

Most assuredly, the name and address of the declarant were set forth in the first part of the first day of the deposition, and the Government's intention to offer it was the reason all counsel went to Liechtenstein. Most assuredly, the defendants have had a fair opportunity to meet it, and did so with a motion to exclude several weeks ago.

Therefore, on the issue of the translators not having been sworn originally, the court denies the motion to exclude for all the reasons stated.

DONE AND ORDERED (ruling previously announced in open court).