In re SUMITOMO COPPER LITIGATION.

No. 96 Civ. 4584 MP.

United States District Court,
S.D. New York.

Nov. 6, 2001.

**59**

Lovell & Stewart, LLP, Lead Counsel for Plaintiffs, By Christopher Lovell and Gary Jacobson (Of Counsel), New York City, for Plaintiffs.

Salans, Hertzfeld, Heilbronn, Christy & Viner, By Maria T. Galeno and Mark H. Goldey (Of Counsel), New York City, for Shinichi Nishi.

Paul, Weiss, Rifkind, Wharton & Garrison, By Bruce Birenboim (Of Counsel), New York City, for Sumitomo Corporation and Sumitomo Corporation of America.

Clifford, Chance, Rogers, and Wells, By John K. Carroll (Of Counsel), New York City, for Merrill Lynch & Co., Merrill Lynch Commodity Financing Inc. and Merrill Lynch Pierce Fenner & Smith, Inc.

Davis, Polk & Wardwell, By James H.R. Windels (Of Counsel), New York City, for J.P. Morgan & Co.

Mayer, Brown & Platt, By Steven Wolowitz (Of Counsel), New York City, for Credit Lyonnais Rouse, Ltd.

Cadwalader, Wickersham & Taft, By H. Peter Haveles, Jr. (Of Counsel), New York City, for Global Minerals and Metals Corp.

Katten, Munchin & Zavis, By Arthur W. Hahn (Of Counsel), Chicago, IL, for Morgan Stanley & Co., Inc.

Loeb & Loeb, LLP, By Charles H. Miller (Of Counsel), New York City, for R. David Campbell and Bipin Shah.

### OPINION

MILTON POLLACK, Senior District Judge.

Plaintiffs have moved for an order granting judgment by default against Defendant Shinichi Nishi pursuant to Rules 37(b)(2)(C) of the Federal Rules of Civil Procedure, and reimbursing the costs and expenses, including attorney's fees, of making this application. For the reasons stated herein, this Court grants Plaintiffs motion on all grounds.

### I. *BACKGROUND*

On December 10, 1998, this Court entered Order No. 55 permitting Plaintiffs to file and serve amended complaints and summonses making allegations against and naming and adding new persons as additional defendants in this action without a time limitation. Pursuant to that Order, Plaintiffs filed the Sixth Amended Consolidated Class Action Complaint on April 7, 2000 and the Supplemental Sixth Amended Complaint on June 13, 2000 (collectively, the "Complaints"), adding Shinichi Nishi ("Nishi") as a defendant in the latter.

On November 8, 2000, Defendant Nishi moved pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing the Complaints, arguing: (1) this Court lacks personal jurisdiction over him; (2) Plaintiffs violated Order No. 55 and Rules 15 and 21 of the Federal Rules of Civil Procedure by filing and serving the Complaints; and (3) Plaintiffs' action is barred by the statute of limitations. The court denied the Motions, with leave to renew after Plaintiffs had an opportunity to take discovery on the limited issue of personal jurisdiction, and directed Nishi to appear for a deposition.

Over the course of the summer, Plaintiffs made several unsuccessful attempts to obtain dates for Defendant Nishi's deposition from his counsel, with the Court ultimately ordering that the deposition take place, by telephone, on September 14, 2001. The deposition did not take place on September 14, as ordered, and on September 17, 2001, Defendant Nishi's counsel informed Plaintiffs, in writing, that Nishi would not permit his deposition to be taken.

Plaintiffs have now moved for the sanction of a default judgment under Fed.R.Civ.P. 37(b)(2)(C) against Defendant Nishi, on the grounds that he has willfully disobeyed the April 4, 2001 discovery order.

## II. DISCUSSION

### A. Fed.R.Civ.P. 37(b)(2)(C) and Fed. R.Civ.P. 37(d)

Defendant Nishi's refusal to submit to a deposition falls within the ambit of Fed. R.Civ.P. 37(d), which concerns the failure of a party to attend his own deposition, serve answers to interrogatories or respond to requests for inspection. Rule 37(d) provides that if a party does not appear for deposition, "the court in which the action is pending on motion may make such orders in regard to the failure as are just ... among others ... any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule," with one such action being the entering of a default judgment against the recalcitrant party.

Moreover, Rule 37(d) stipulates that "the court *shall require* the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust" (emphasis added), in addition to or in lieu of the entering of an order authorized under Rule 37(b)(2).

■ A number of factors may be considered when deciding whether discovery abuse warrants the entry of a default judgment against the transgressor. Among those factors are: "(a) willfulness or bad faith of the noncompliant party; (b) the history, if any, of noncompliance; (c) the effectiveness of lesser sanctions; (d) whether the noncompliant party had been warned about the possibility of sanctions; (e) the client's complicity; and (f) prejudice to the moving party." *Yucyco, Ltd. v. Ljubljanska Banka d.d.*, 2001 WL 699135 at *4 (S.D.N.Y.2001) (Chin, J); *see also American Cash Card Corp. v. AT & T Corp.*, 184 F.R.D. 521, 524 (S.D.N.Y.1999) *aff'd mem.*, 210 F.3d 354 (2d Cir.2000). The need to deter discovery abuse and efficiently control dockets may also legitimately be taken into consideration. As this Court has noted, "[i]n the face of increasing abuses of the federal litigation processes, particularly in the area of discovery, Rule 37 was amended in 1970 and 1980 in order to make clear to litigants that attempts to evade the full-disclosure directives of the discovery rules would be met with swift and firm sanctions." *Argo Marine Systems, Inc. v. Camar Corp.*, 102 F.R.D. 280, 284 (S.D.N.Y.1984) (Pollack, S.D.J.); *see also Yucyco* at *4; *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976).

■ Courts have sometimes chosen to impose "soft" sanctions, accompanied by a warning that repeated noncompliance would result in default judgment being granted, *Sieck v. Russo* 869 F.2d 131 (2d Cir.1989), or by an order to show cause why default judgment should not be granted, *Rammal v. Timberland Co.*, 1995 WL 559394 (S.D.N.Y. 1995) (Preska, J), and given recalcitrant parties additional time to comply with discovery orders. It is clear that such an approach will not be effective in this case. Nishi himself chose to flout the Court's order, explicitly informing his counsel that he will not submit at all to a deposition. In so doing, he has gone further than the parties in past cases where default judgments were held to be appropriate. *See, e.g., Rammal, Yucyco.* This advertent disregard for a Court order justifies the imposition of a default judgment, in order to carry out the purposes of Rule 37. While a default judgment is "an extreme measure, discovery orders are meant to be followed," *Bambu Sales, Inc. v. Ozak Trading, Inc.*, 58 F.3d 849, 853 (2d Cir.1995), and imposition of the harshest possible sanction in cases where they are not serves as both a penalty and as a deterrent. *National Hockey League* at 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). In this Circuit, "a party who flouts [discovery] orders does so at his peril." *Update Art, Inc. v. Modiin Publishing, Ltd.*, 843 F.2d 67, 73 (2d Cir.1988). Issuing a second order compelling Nishi to submit to a deposition would be of questionable value, and would not further the goal of allowing this case to be decided on its merits rather than by default. Little useful purpose would be served by requiring his opponents to go through the expense and delay of giving this recalcitrant party yet another warning and chance to comply.

■ Nishi admits that he has defaulted, within the meaning of Fed.R.Civ.P. 37(d), by refusing to appear for a court-ordered deposition, and does not dispute that Plaintiffs are entitled to an entry of judgment against him. He does, however, seek to avoid imposition of costs against him, arguing that his "poor health, the difficulties inherent in communicating with him, and the limitations on his conduct necessary to maintain his jurisdictional defenses under Japanese law should be considered as evidence that he has not willfully disregarded the Court's orders or otherwise acted in bad faith and as factors which make an award of costs to Plaintiffs unjust."

Where a party fails to appear for its deposition, "the court shall require [him] ... to pay the reasonable expenses, including attorney's fees, caused by the [such] failure ... unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(d). The Second Circuit has held that a monetary judgment may be entered against a defendant who refuses to submit to a deposition. *Sieck v. Russo* (affirming entry of $1mil default judgment against defendant for repeatedly failing to appear for scheduled depositions). The burden is on the non-complying party to avoid the award of expenses, not on his opponent to justify it, particularly in cases such as this one where a court order has been flouted. *Argo Marine Systems, Inc. v. Camar Corp.*, 102 F.R.D. 280 (S.D.N.Y.1984) (Pollack, J). ("The provision places the burden on the disobedient party to avoid expenses by showing that his failure is justified or that special circumstances make an award of expenses unjust. Allocating the burden in this way ... is particularly appropriate when a court order is disobeyed." [quoting Fed.R.Civ.P., Advisory Committee Notes, 1970 Amendment] ).

Defendant Nishi has not met this burden. He has not cited any case law directing the Court to consider factors such as his health or the vicissitudes of communicating with him on the issue of costs to be imposed for his misbehavior. Indeed, these factors were taken into account by the Court in fashioning the Order compelling Nishi to submit to a deposition: in deference to his admittedly poor health, for example, the Court ordered that the deposition be taken by telephone, rather than requiring that Defendant travel to New York in person for it. And while the time difference between Japan and the United States and the language difference between Plaintiffs and Defendant might make communicating more challenging in this than in most cases, this challenge is one that could be overcome with a modicum of effort by counsel and Defendant.

As for Defendant's argument that he "maintains a defense under his local law that this court acts without jurisdiction over him, [and that] [p]reserving that defense in Japan... limits the actions he can take while presenting his jurisdictional defense to this Court," the Court notes that Nishi has not heretofore raised these concerns and does not now provide any evidence or information showing that allowing his deposition to take place would in fact prejudice him under Japanese law. Indeed, Defendant has specifically argued, in this litigation, that he was *not* in danger of criminal sanctions in Japan stemming from the Sumitomo investigation, noting that the Japanese prosecutor had interviewed him regarding defendant Hamanaka's crimes and that no charges had been brought against him as a result of the information so gleaned. This argument therefore has little merit.

### B. Fed.R.Civ.P. 55

■ Defendant Nishi argues that Fed.R.Civ.P. 55(b), requiring plaintiffs to provide sufficient information to permit the court to reduce their claims to a sum certain before a default judgment can be entered, must be satisfied before a proper judgment can be entered against him. Rule 55 allows a default to be entered against a party who "has failed to plead or otherwise defend as provided by these rules." Defendant, however, is not considered a party who has "failed to defend," because he filed a motion to dismiss Plaintiffs' Complaint pursuant to Fed.R.Civ.P. 12(b)(2) and 12(b)(6). It is well established in this District that the filing of a motion to dismiss "fall squarely within the ambit of the phrase 'otherwise defend.' " *Si-*

*erra v. United States,* 1998 WL 599715 at *9 (S.D.N.Y.1998) (Sweet.J.), quoting *Wickstrom v. Ebert,* 101 F.R.D. 26, 33 (E.D.Wis. 1984); *see also Ricciuti v. New York City Transit Authority,* 70 F.Supp.2d 300 (S.D.N.Y.1999) (Haight, J.). Since Nishi has, in fact, defended this case, Fed.R.Civ.P. 55 is inapplicable, and the Motion for Default Judgment and Defendant's opposition to it must be analyzed according to the provisions of Fed.R.Civ.P. 37.

Although, as Plaintiffs acknowledge, there are circumstances in which the rules governing any interplay between Rules 55 and 37 "have not been firmly established," *Campbell v. Eastland,* 307 F.2d 478, 490 (5th Cir.1962), those circumstances are not present in this case. *Campbell* addressed the interplay between Rule 37 and Rule 55(e), which "restrict[s] the sanctions provided by Rule 37(b) *when the litigant involved is the government,*" *Campbell* at 491, citing 4 Moore, Federal Practice § 37.04, 6 Moore, Federal Practice § 55.12 (2d ed.1953) (emphasis added). Since the government is not a party to the dispute currently before the Court, the questions regarding the interplay between Rule 55 and Rule 37 which *Campbell* raised are not of concern in this case.

### C. Defendant Nishi's Technical Defenses

Defendant Nishi also objects to the entry of a default judgment on technical grounds. These objections are easily disposed of.

#### 1. Lack of service on all parties

Defendant Nishi argues that any judgment based on Plaintiffs' Motion for Default Judgment would impermissibly bind third parties without their consent. Plaintiffs have served the Motion for Default Judgment on all former defendants in this case and have filed an affidavit of service to that effect, thus rendering this argument moot.

#### 2. Default Judgment is Overbroad

Defendant argues that Plaintiffs proposed Default Judgment is overbroad. Plaintiffs have deleted the restraining order provision contained therein, thus eliminating this issue.

### CONCLUSION

Accordingly (a) the motion is granted for judgment by default against Shinichi Nishi pursuant to rule 37(b)(2)(C) of the Federal Rules of Civil Procedure, and (b) Defendant Nishi is ordered to reimburse Plaintiffs for the reasonable costs and expenses incurred in making this application, to be added at the foot of this judgment on appropriate application therefor made hereafter.

So Ordered.