**PROGRESSIVE INSURANCE COMPANY**
**(PAGO PAGO) LIMITED, Plaintiff,**

**v.**

**DEPARTMENT OF PUBLIC SAFETY FIRE BUREAU**
**of the AMERICAN SAMOA GOVERNMENT, Defendant.**

High Court of American Samoa
Trial Division

CA No. 36-04

October 17, 2005

Before RICHMOND, Associate Justice; MAMEA, Associate Judge; and SAOLE, Associate Judge.

Counsel: For Plaintiff, William H. Reardon and Devin A. McRae, *Pro Hac Vice*
For Defendant American Samoa Government, David Cassetty, Assistant Attorney General

## ORDER IMPOSING DISCOVERY SANCTIONS

### Introduction

This order pertains to Plaintiff Progressive Insurance Company (Pago Pago) Limited's ("Progressive") filed motions on July 12, 2005, asking the Court to: (1) compel the response by Defendant American Samoa Government ("ASG"), overdue by 46 days as of July 12, 2005, to Progressive's sixth set of interrogatories served on April 27, 2005; (2) require ASG to substantiate the reason for the failure of Captain Clifford O'Brien ("O'Brien") of ASG's Department of Public Safety Fire Bureau to attend his deposition on July 9, 2005, as required by the Court's order of June 10, 2005; and (3) to impose sanctions for O'Brien's failure to attend his deposition on July 9. On July 19, 2005, we conducted a hearing on the motions. Counsel for Progressive and ASG participated in the hearing.[1]

### Discussion

### I. Legal Standard

 T.C.R.C.P. 37(d)(1) and (d)(2) permit sanctions for failure to attend one's deposition after proper notice, and for failure to serve answers to interrogatories, unless the court finds the opposition to be justified or that other circumstances make an award of expenses unjust. Evaluation of the circumstances rendering an award of expenses just or unjust is committed to the sound discretion of the court. *See In re Multi-Piece Rim Products Liability Litigation*, 653 F.2d 671, 680 (D.C. Cir. 1981).

---

[1] On September 2, 2005, the parties stipulated to dismissal with prejudice Defendants American Samoa Power Authority of the American Samoa Government and National Pacific Insurance Limited. Thus, ASG remains the sole defendant in this case.

In exercising discretion to award sanctions under Rule 37, a court may consider: (1) the willfulness and bad faith of the non-compliant party, or the reasons for non-compliance; (2) the history, if any, of non-compliance; (3) the efficacy of lesser sanctions; (4) the prejudice to the moving party; (5) whether the non-compliant party had been warned of the possibility of sanctions, and (6) the court's need to deter discovery abuse and efficiently control its docket. *See In re Sumitomo Copper Litigation*, 204 F.R.D. 58, 60 (S.D.N.Y. 2001). Courts should also keep in mind that sanctions under Rule 37 are meant not only to penalize improper conduct, but also to deter those who might be tempted to engage in such conduct in absence of such deterrent. *See National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643 (1976).

## II. Interrogatories

On July 19, 2005, just before the motion hearing, ASG finally filed answers to Progressive's sixth set of interrogatories. However, ASG cannot avoid sanctions by filing a response that should have been made earlier. Although we may consider delinquent responses in determining what sanction, if any, to impose, Rule 37 does not become inapplicable because ASG's response was filed before the hearing on motion. *See Antico v. Honda of Camden*, 85 F.R.D. 34, 36 (E.D. Penn. 1979). Thus, despite filing its response before the hearing, we find ASG's response to discovery interrogatories to be extremely tardy, as it has been in responding to earlier sets of interrogatories.[2]

In our May 19 order, we held that ASG's delay in responding to Progressive's interrogatories did not require sanctions, as the delays were not tactical or made in bad faith. We recognized, as we do now, that during the early days of ASG's current administration, ASG's Office of the Attorney General suffered staffing shortages, which placed difficult and stressful conditions on the few attorneys available to prioritize and properly handle the ongoing civil and criminal caseload. Indeed, the attorney staff has only recently increased to a level reasonably permitting a more effective allocation of active cases. Accordingly, we found that staffing shortages in the ASG's office limited ASG's ability to provide more timely responses. Thus, while the May 19 order compelled ASG to respond to earlier sets of interrogatories, it did so without any immediate sanctions.

However, we feel that ASG's most recent failure to respond to interrogatories is sufficiently abusive to warrant sanctions. Even though ASG's counsel now undertaking this case is an experienced civil trial attorney who has shown that he is taking steps necessary to properly

---

[2] *See* the Court's Order of May 19, 2005, *supra*, at pp. 165-6.

represent ASG, ASG had clearly been warned about the consequences of future discovery abuse.[3] Moreover, given the history of ASG's non-compliance, combined with the conduct now complained of, ASG's failure to comply with discovery rules now takes on a "willful" or "bad faith" character. Lastly, it is apparent that lesser sanctions have been ineffective in deterring ASG's discovery abuse.

■ Thus, while we may have found prior misconduct excusable, we feel that without sanctions discovery in this case will continue to be ineffectual. At some point, the ongoing prejudice done to Progressive— including considerable delay, the expense and time involved with filing multiple motions to compel, and having to proceed with incomplete information—warrants punishment. *See Bratka v. Anheuser-Busch Co.*, 164 F.R.D. 448, 463 (S.D. Ohio 1995) (parties cannot be permitted to jeopardize integrity of discovery process by engaging in halfhearted and ineffective efforts to identify and produce relevant documents). By imposing sanctions, we hope to deter future discovery abuses and eliminate from the calendar future motions to compel discovery.

Having found sanctions against ASG appropriate, and in accordance with Rule 37(d)(2), ASG is required to pay $500.00 to Progressive towards its expenses in connection with enforcing ASG to respond to Progressive's sixth set of interrogatories. We believe such an amount constitutes "reasonable expenses" within the meaning of the Rule.

### III. Deposition of O'Brien

O'Brien's actions that give rise to the present motion are not an isolated event. To date, O'Brien has failed to attend two noticed depositions and one deposition ordered by the Court. Initially, on December 2, Progressive noticed his deposition for January 8, 2005. Eleven days prior to the deposition, on December 28, 2004, ASG notified Progressive that O'Brien would be off-island attending to his sick granddaughter. Subsequently, on January 24, Progressive noticed his deposition for February 12. Five days prior to the deposition, on February 8, ASG advised that O'Brien was off-island, but was unsure of his whereabouts.

---

[3] *See* the Court's of May 19, 2005 Order, *supra*, at 166 ("ASG should now be aware of the Court's concern, and will presumably take affirmative steps to prevent any recurrence of delays in order to avoid the future risk of sanctions"). Thus, ASG well knew that its failure to properly discharge its duties with respect for discovery could result in sanctions.

On March 30, ASG notified Progressive that O'Brien was back on-island. Immediately after the May 17 hearing, counsel for all parties participated in a telephonic conference to discuss new deposition dates. Counsel for all parties agreed, *inter alia*, that O'Brien would be deposed on July 9. Progressive sent a stipulation and order memorializing agreements made in the telephonic conference. All parties except ASG returned their signatures to the stipulation. On May 25, Progressive filed a motion to compel O'Brien's deposition and impose sanctions for O'Brien's repeated no-shows. The Court granted Progressive's motion to compel O'Brien to attend his July 9 deposition in our June 10 order. Yet, again, O'Brien failed to attend the deposition. On this occasion, ASG reported that O'Brien had missed his deposition in order to attend a family funeral.

In total, Progressive has tried unsuccessfully for 7 months to depose O'Brien. O'Brien's continual failure to appear at his deposition evidences the absence of good faith on the part of O'Brien and ASG. It also demonstrates a lack of respect for the seriousness of its duties under the T.C.R.C.P. and the importance of full and fair discovery under the Rules. O'Brien's and ASG's failure to cooperate with discovery has not only caused substantial delay, expense and inconvenience, but has also threatened the reliability of the fact-finding process. Without compliance with discovery rules, we cannot ensure that cases are decided on their merits after consideration of all relevant evidence bearing on the party's claims.

If this were the first time O'Brien had failed to attend his deposition, and he had good reason not to be there, we might be more lenient. But this is not the case. Regardless of the state of affairs surrounding his latest absence (July 9), when coupled with his previous lack of attendance, O'Brien's current disobedience warrants sanctions. Only under extraordinary circumstances can a party ignore two noticed depositions, then fail to comply with a third court-ordered deposition, and expect not to be sanctioned.

Because ASG has not produced evidence illustrating such extraordinary circumstances, we find sanctions against ASG appropriate, and in accordance with Rule 37(d)(1), ASG is required pay $500.00 to Progressive towards its expenses in connection with ASG's failure to produce O'Brien at the July 9 deposition. Again, we believe such an amount constitutes "reasonable expenses" within the meaning of the Rule.

Lastly, we address Progressive's request that ASG substantiate O'Brien's failure to attend the July 9 deposition. Because ASG adequately addressed this issue at the July 19 hearing, we find it unnecessary for

ASG to give any further explanation.

### Order

For the reasons mentioned above, we grant Progressive's motion for sanctions against ASG for its failure to respond to interrogatories. We also grant Progressive's motion for sanctions against ASG for its failure to produce O'Brien for the July 9, 2005 court-ordered deposition. Accordingly, ASG is required to pay Progressive reasonable expenses in the amount totaling $1,000.00 for ASG's discovery failures. However, we deny Progressive's motion to require ASG to further substantiate O'Brien's absence from his July 9 deposition.

In order to facilitate and discourage further delay in deposing O'Brien, we invite Progressive to once again move for an order compelling his deposition at a scheduled date, time and place.

It is so ordered.